Marguerite WILLIAMS, Executrix of the Estate of Robert H. Williams, Deceased, Plaintiff,

v.

VICK CHEMICAL COMPANY and Richardson-Merrell, Inc., Defendants.

Civ. No. 3–734–D.

United States District Court
S. D. Iowa,
Davenport Division.

Sept. 28, 1967.

Ralph D. Sauer, Davenport, Iowa, for plaintiff.

Robert V. P. Waterman, Robert A. Van Vooren, and Thomas N. Kamp. Davenport, Iowa, for defendants.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court on the motions of both defendants to dismiss under Federal Rule of Civil Procedure 12. Each defendant moves to dismiss on the grounds that (1) the complaint fails to state a claim upon which relief can be granted, (2) the Court has no jurisdiction of the subject matter, (3) the action is barred by the Statute of Limitations for matters of this type as set forth in the Iowa Code. Defendants further move to dismiss, or in lieu thereof, to quash the return of service on the grounds, (1) plaintiff has failed to follow the procedural requirements of the Iowa Code for service of process and (2) the Court has no jurisdiction over these defendants.

Plaintiff sues as executrix of the estate of Robert H. Williams, deceased. She alleges defendants manufactured and sold for resale one bottle of "Vicks

Theracin Double-Buffered Cold Tablets," which, on or about April 2, 1965, plaintiff's decedent purchased from a drug store in Clinton, Iowa. Plaintiff alleges further that as a result of taking said tablets plaintiff's decedent thereafter became ill and died on December 11, 1965, from the effects of aplastic anemia. Plaintiff alleges negligence and breach of an implied warranty of fitness, and claims damages for decedent's pain and suffering, the wrongful death of plaintiff's decedent, and loss of decedent's services and support as husband and father.

■■ In considering this motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted, this Court is bound by the rule that "there is no justification for dismissing the complaint unless it appears to a *certainty* that the plaintiff would be entitled to no relief under *any state of facts* which could be proved in support of the claim." Young v. Hicks, 250 F.2d 80, 84 (8th Cir. 1957) (emphasis added). Further, defendants have failed to specify in what manner the complaint fails to state a claim and have filed no memorandum in support of this ground or any other ground asserted in their motion to dismiss. Therefore, the allegations of the complaint must be taken as true for the purposes of this motion, and it cannot be said the facts alleged in the complaint are not sufficient to grant relief. See generally, Tice v. Wilmington Chemical Corp., 141 N.W.2d 616 (Iowa 1966). The Court denies the motion to dismiss for failure to state a claim upon which relief can be granted.

■ The complaint states plaintiff is a citizen of Iowa and the plaintiff's decedent at the time of his death was a citizen of Iowa. Defendants are corporations incorporated in the State of Delaware, having their principal places of business in states other than Iowa. The amount claimed as damages totals $400,000 which clearly exceeds the jurisdictional minimum of $10,000. The above facts established diversity of citizenship of the parties and a claim in excess of the jurisdictional amount. This Court therefore has jurisdiction of the subject matter and the defendants' motion to dismiss should be denied on the ground of lack of subject matter jurisdiction.

In respect to defendants' motion to dismiss on the ground the action is barred by the applicable statute of limitations, the complaint alleges the purchase of the "cold tablets" on April 2, 1965 and the death of plaintiff's decedent on December 11, 1965. The record reveals that this action was filed on March 30, 1967, and the summons were delivered to the United States Marshal for service on that same date. Duplicate copies of the summons were filed with the Secretary of State on April 5, 1967, and defendants received notice by restricted certified mail on April 10, 1967.

■ The applicable statute of limitations is that of the State of Iowa. Burkhardt v. Bates, 191 F.Supp. 149 (N.D.Iowa 1961) aff'd, 296 F.2d 315 (8th Cir. 1961); Groninger v. Davison 364 F.2d 638 (8th Cir. 1966). Section 614.1, Iowa Code (1966), contains the applicable statutory provision. Section 614.1 provides in part:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, * * *

"3. * * * Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years."

Service of Process was made under § 617.3, Iowa Code (1966), which provides in part:

"For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, the filing of the original notice with the secretary of state shall be deemed a commencement of the action."

Thus, for the purpose of applying the two year limitation of 614.1(3) this

action was commenced on April 5, 1967, the date of filing with the secretary of state.

■ As noted above, plaintiff states in the complaint that plaintiff's decedent purchased the medication on April 2, 1965, and commenced taking the tablets, becoming weak and sick "shortly thereafter." It is not clear from these alleged facts when the cause of action accrued, i. e., when plaintiff's decedent became aware, or by the exercise of reasonable diligence should have become aware, of any injury arising by reason of the negligence or breach of implied warranty by the defendants. Chrischilles v. Griswold, 150 N.W.2d 94, 100 (Iowa 1967). For this reason the Court denies defendants' motion to dismiss on the ground the action is barred by the statute of limitations, with leave to assert it again at a later stage of the proceedings if the facts should warrant.

In addition, however, defendants move to dismiss, or in lieu thereof, to quash service, for lack of jurisdiction over the defendants. Defendants contend that plaintiff has failed to satisfy and follow the procedural requirements of the Iowa Code.

Service of process was made pursuant to Fed.R.Civ.P. 4(d) (7) which provides that service may be obtained "in the manner prescribed by law of the state in which the district court is held * *." The relevant Iowa law is the Iowa "long arm" statute, § 617.3 Iowa Code (1966), which provides:

"If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such foreign corporation commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this Act, and, if the corporation does not have a registered agent or agents in the state of Iowa,

shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract or tort."

In addition, the above statute requires the filing of duplicate copies of the process with the secretary of state and the mailing of a notification of the filing to all defendants by registered or certified mail within ten days of the filing.

■ Defendants do not specify in what manner the plaintiff has failed to satisfy the procedural requirements of § 617.3 and has not filed a memorandum or brief in support of this ground for the present motion. The record and file now before the Court does not reveal any such deficiency by the plaintiff in her compliance with the statutory requirements. Therefore, the Motion to dismiss, or in lieu thereof, to quash service, for such deficiency is denied.

■ Defendants finally claim that they are foreign corporations having no contact with the state of Iowa, and, therefore, for the Court to exercise jurisdiction over the person of defendants through service made pursuant to § 617.3 Iowa Code (1966), as set out above, would deny these defendants due process and equal protection of the law.

The first question is whether as a matter of state law, the Court would gain jurisdiction over the defendants. The Iowa law is clear that the manufacturer of a product which causes injury in Iowa has committed a tort in part in Iowa and that such contact is an act of doing business sufficient to confer the courts with jurisdiction over the defendant. Andersen v. National Presto Indus., Inc., 257 Iowa 911, 135 N.W.2d 639 (1965). However, while the Iowa statute states that the commission of one tort in whole or in part in Iowa is sufficient to give jurisdiction, this does not necessarily determine whether the statute in all cases requires sufficient minimum contact to

afford due process. International Shoe Co. v. State of Washington, 326 U.S. 310, 317–319, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Andersen v. National Presto Indus., Inc., supra, 135 N.W.2d at 642. Whether requirements of due process are satisfied "will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

When a plaintiff seeks to bring a defendant into Court under the "long arm" statute, sufficient facts must be alleged to support a reasonable inference that the defendant has had the required minimum contacts with the forum state. Accord, Keckler v. Brookwood Country Club, 248 F.Supp. 645, 650 (N.D.Ill.1965). Here the complaint merely states defendants "manufactured and sold for resale one bottle of 'Vicks Theracin Double-Buffered Cold Tablets' containing twenty (20) tablets more or less." This allegation is followed by the statement that plaintiff's decedent purchased this bottle from a drug store in Clinton, Iowa.

It is the view of the Court that in this case these allegations, although minimal, are sufficient to give this Court jurisdiction over the defendants under the requirements of due process. It must be shown that in some manner the defendants caused their product to be marketed in Iowa or entered into the national market and channels of commerce in such a way that they "reasonably could have anticipated that this activity would have consequences in this state." Aftanase v. Economy Baler Co., 343 F.2d 187, 197 (8th Cir. 1965). The fact that defendants manufactured and sold for resale this particular bottle of tablets does not establish the minimum contacts, but in the absence of a factual allegation or affidavit to the contrary, the allegations herein raise the inference that such contacts were present. See, Andersen v. National Presto Industries, Inc., supra at 918–919, 135 N.W.2d at 643. Therefore, defendants' motion to dismiss will be denied.

It is ordered that the motion to dismiss of defendants Vick Chemical Company and Richardson-Merrell, Inc., filed May 17, 1967, is hereby denied.