**John McPHEE, Jr., and Sheri McPhee, Plaintiffs,**

**v.**

**SIMONDS SAW AND STEEL COMPANY; the Corinth Machinery Company, a/k/a Corinth American Machinery Company; Tyrone Hydraulics, a division of Oliver Tyrone Corporation; and Monical Machinery Company, Defendants.**

No. 68–C–71.

United States District Court
W. D. Wisconsin.

Jan. 10, 1969.

Robert L. Habush, James J. Murphy, Milwaukee, Wis., for plaintiffs.

Norman C. Skogstad, Milwaukee, Wis., for Simonds Saw and Steel Co.

T. H. Skemp, LaCrosse, Wis., for Corinth American Machinery.

Eugene O. Gehl, Madison, Wis., for Tyrone Hydraulics.

John W. Fetzner, Hudson, Wis., for Monical Machinery Co.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is an action for damages for personal injuries allegedly sustained by plaintiff John McPhee. Plaintiffs are citizens of the State of Wisconsin. Defendant Simonds Saw and Steel Company (hereinafter Simonds) was, at the time of the injury in question, a Massachusetts corporation with offices in Chicago, Illinois. Since that time Simonds has become a part of Wallace-Murray Corporation, a Delaware corporation. Defendant The Corinth Machinery Company a/k/a Corinth American Machinery Company (hereinafter Corinth) is a Mississippi corporation with principal offices in Corinth, Mississippi. Defendant Tyrone Hydraulics is a Delaware corporation with offices in the State of Mississippi. At the time of the injury in question Tyrone Hydraulics was operated as a division of Oliver Tyrone Corporation, a Pennsylvania corporation. Defendant Monical Machinery Company (hereinafter Monical) is a Michigan corporation with principal offices in Grand Rapids, Michigan. The amount in controversy exceeds the sum of $10,000 exclusive of interest and costs.

Defendant Tyrone Hydraulics has filed a motion to dismiss the action as against Tyrone Hydraulics or to quash the return of the summons on the ground that it is not subject to in personam jurisdiction in this court and that it has not been properly served with process in this action. Defendant Monical has likewise filed a motion to dismiss the action as against Monical on the ground that it is not subject to in personam jurisdiction in this court and that service of process was improper. Defendant Corinth has filed a motion to dismiss the action as against Corinth on the grounds that the complaint fails to state a cause of action against Corinth and that the complaint violates Rule 8(e) (1), Federal Rules of Civil Procedure, in that it is "verbose, confusing and redundant".

The court has been supplied with briefs and affidavits and a hearing has been held in regard to these matters.

The amended complaint herein alleges that Corinth designed, manufactured, sold and distributed to Erickson Hardwoods, Inc., Onalaska, Wisconsin (hereinafter Erickson) a remote control air carriage and saw unit; that Simonds designed, manufactured, sold and distributed to Corinth a saw and saw blade for inclusion in said carriage and saw unit; that Tyrone Hydraulics designed, manufactured, sold and distributed to Corinth a carriage drive for inclusion in said carriage and saw unit; that Monical was the distributor for Corinth and that it sold and distributed the entire carriage and saw unit to Erickson; and

that plaintiff John McPhee was seriously injured while operating said carriage and saw unit as an employee of Erickson. Plaintiffs seek to rest liability on negligence and strict tort liability.

The summons and complaint were served on defendant Tyrone Hydraulics by delivering copies thereof to an officer of Oliver Tyrone Corporation at Pittsburgh, Pennsylvania. In support of its motion to dismiss or to quash return of the summons Tyrone Hydraulics has filed an affidavit stating that neither Tyrone Hydraulics nor Oliver Tyrone owns or keeps any goods or other products within the State of Wisconsin; that neither corporation has any officers, employees, jobbers, distributors or sales representatives in the State of Wisconsin; that neither corporation has ever been authorized to do business in the State of Wisconsin; that neither corporation does any advertising in Wisconsin newspapers and publications; and that the transaction involving the sale of the carriage drive by Tyrone Hydraulics to Corinth took place wholly within the State of Mississippi.

The summons and complaint were served on defendant Monical by delivering copies thereof to an officer of the corporation at Grand Rapids, Michigan. In support of its motion to dismiss Monical has filed an affidavit which states that Monical is a Michigan corporation "doing business in the State of Michigan in the entirety"; and that Monical has never been licensed to do business in the State of Wisconsin. In its motion to dismiss Monical states that "it was not [at the time of the alleged injury] or prior thereto or thereafter doing business in the State of Wisconsin on a substantial basis."

Plaintiffs contend that the service of process upon Tyrone Hydraulics and Monical was not improper and that both defendants are subject to in personam jurisdiction in this court. Plaintiffs rely on Rule 4 of the Federal Rules of Civil Procedure and §§ 262.05(4), 262.-06(5), Wis.Stats., to support this contention.

Rule 4(f) (as amended, 1963) provides in pertinent part:

"(f) *Territorial Limits of Effective Service*. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. * * * "

Rule 4(d) (7) (as amended, 1963) provides for service upon a foreign corporation "in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Section 262.06(5), Wis.Stats., provides that a court having jurisdiction over the subject matter and personal jurisdiction as provided in Section 262.05 may exercise jurisdiction over a foreign corporation when the summons is personally served "upon an officer, director or managing agent of the corporation either within or without this state." Section 262.05(4), Wis.Stats., provides as follows:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

* * * * * *

"(4) *Local injury; foreign act.* In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

Subsection (4) of section 262.05 has not yet been specifically construed by the Wisconsin courts in any reported decision.

The Revision Notes to Section 262.05 contain the following pertinent information:

"Sub. (4) furnishes a basis for personal jurisdiction in these actions to recover for a local injury resulting from an act done outside the state by the defendant, provided the defendant is shown to have other substantial contacts with the state in addition to the facts of the case sued upon.

\* \* \* \* \* \*

"Three jurisdictional facts are required by [sub. (4)]: (i) an act or omission outside the state by the defendant or his agent; (ii) an injury to person or property within the state which is claimed to arise out of the foreign act or omission; and (iii) some additional contact, not necessarily related to the injury sued on, which links the defendant to the state. \* \* \*

"The jurisdictional facts required by [sub. (4)] call for proof of two contacts between the defendant and the state: (i) the occurrence in the state of the injury which the defendant is claimed to have caused; and (ii) some additional contact not necessarily related to that injury. \* \* \* " 1968 Cumulative Annual Pocket Part of 30 W.S.A. pp. 32–34.

Referring to the constitutional limitations involved, the Revision Notes contain the following comments:

"Perhaps the occurrence of the injury in the state is alone a sufficient 'minimum contact' to sustain jurisdiction. \* \* \*

"If the occurrence in the state of the injury sued on is not a sufficient contact, very little more by way of additional contact is required for the exercise of personal jurisdiction in these cases." Id. at 34.

The Wisconsin Supreme Court has stated that the revision notes "make it clear that [§ 262.05] was intended to provide for the exercise of jurisdiction over non-resident defendants to the full extent consistent with the requisites of due process of law." Flambeau Plastics Corp. v. King Bee Mfg. Co., 24 Wis.2d 459, 464, 129 N.W.2d 237, 240 (1964). Even if this is correct with regard to the general intent of section 262.05, the revision notes do not indicate that each subsection and particularly subsection (4) was intended to extend the exercise of jurisdiction to the frontiers of due process, however.

■ Plaintiffs contend that personal jurisdiction over defendant Tyrone Hydraulics is provided by § 262.05(4) (b). From the present state of the record it appears that the carriage drive, included in the carriage and saw unit in question, constituted the only "products, materials or things, processed, serviced or manufactured" by Tyrone Hydraulics "used or consumed within this state in the ordinary course of trade". Plaintiffs contend that the statute is satisfied if a single item, processed, serviced or manufactured by the defendant is used or consumed within this state in the ordinary course of trade.

I decline to construe § 262.05(4) in the manner for which plaintiffs contend. I construe § 262.05(4) to require that at the time of the injury more than one item processed, serviced or manufactured by defendant, was used or consumed within the state in the ordinary course of trade. The use of the plural ("products, materials or things") in subsection (b) indicates that more than one item processed, serviced or manufactured by a defendant and used or consumed in the state is necessary for the exercise of in personam jurisdiction. This construction finds support in the revision notes which specifically indicate that § 262.05(4) requires some additional contact between the defendant and the state beyond the occurrence of an injury in the state. I, therefore, conclude that on the present state of the record § 262.-05(4) does not provide for the exercise

of in personam jurisdiction over Tyrone Hydraulics.

The motion of Tyrone Hydraulics to dismiss the complaint as against it is hereby granted with leave to plaintiffs to amend the complaint within 20 days.

■ Plaintiffs contend that personal jurisdiction over Monical is provided by § 262.05(4) (a). There is no reference in the amended complaint to solicitation or service activities, but plaintiffs contend that a liberal construction of paragraph 14 of the amended complaint provides the requisite jurisdictional facts. Paragraph 14 alleges that Monical was the distributor for Corinth and that prior to the date of the alleged injury, Monical sold and distributed the carriage and saw unit to Erickson. This paragraph might be liberally construed to allege that Monical engaged in some solicitation activity with regard to the sale and distribution of the carriage and saw unit in question. Nothing in this paragraph, however, indicates that Monical ever carried on any other solicitation or service activities in the State of Wisconsin or ever sold and distributed in the State of Wisconsin any item other than the carriage and saw unit in question.

I construe § 262.05(4) (a) to require that at the time of the injury solicitation or service activities in the state in addition to the solicitation activity connected with the item which causes injury was carried on by or on behalf of the defendant. This construction is supported by the use of the plural in this subsection and the fact that the revision notes indicate that such an additional contact is necessary.

■ Plaintiffs seek to draw significance from the fact that Monical in its motion to dismiss does not allege that solicitation or service activities were not carried on within the state, but alleges only that Monical at the time of the injury was not doing business in this state

"on a substantial basis". There is authority for drawing an inference of the presence of the requisite jurisdictional facts from such allegations. See Williams v. Vick Chemical Co., 279 F.Supp. 833 (S.D.Iowa 1967); Anderson v. Penncraft Tool Co., 200 F.Supp. 145 (N.D. Ill.1961); Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961). However, I conclude that the better practice is to require some affirmative allegation of the necessary jurisdictional facts on the part of the plaintiffs. See Keckler v. Brookwood Country Club, 248 F.Supp. 645 (N.D.Ill.1965); cf. Phillips v. Anchor Hocking Glass Co., 100 Ariz. 251, 413 P.2d 732, 19 A.L.R.3d 1 (1966).

The motion of Monical to dismiss the complaint as against it is hereby granted with leave to plaintiffs to amend the complaint within 20 days.

Corinth's motion to dismiss the complaint on the ground that it fails to state a cause of action also appears to have been premised on the notion that Corinth is not subject to in personam jurisdiction in this court. In its brief to the court, Corinth now concedes that it is subject to in personam jurisdiction here. I construe this concession as an admission that the requisite jurisdictional facts are present in the case of defendant Corinth.

The motion of Corinth to dismiss the complaint on the ground that it fails to state a cause of action against Corinth is hereby denied.

■ With regard to Corinth's motion to dismiss the complaint on the ground that it is "verbose, confusing and redundant" in violation of Rule 8(e) (1), it appears that the allegations of the amended complaint are sufficient to enable Corinth to frame a responsive pleading.

Corinth's motion to dismiss the complaint on the ground that it violates Rule 8(e) (1) is hereby denied.