**Willie Mae DAVIS, a/k/a Willie Mae Moore, Plaintiff,**

v.

**MERCIER–FRERES, a foreign company of Annonay, France, Defendant.**

No. 73–C–182.

United States District Court, E. D. Wisconsin.

Dec. 19, 1973.

Joseph J. Shutkin, Milwaukee, Wis., for plaintiff.

Quarles, Herriott, Clemons, Teschner & Noelke by L. C. Hammond, Jr., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this diversity action seeks to recover damages for injuries allegedly sustained while using a machine manufactured by the defendant, a French corporation. Strict products liability and breach of implied warranty claims are asserted as the theories of liability. Before the court are the plaintiff's motion for default judgment and the defendant's motion to dismiss.

## MOTION FOR DEFAULT JUDGMENT

On March 29, 1973, a summons and complaint were served upon Koch Tanning Machinery Corporation in Milwaukee, Wisconsin. The plaintiff charges that Koch is a local agent for the defendant and, therefore, that service was effective at that time. Upon learning that Koch denied any agency relationship with the defendant for the period in question and that Koch's president had simply mailed the summons and complaint to the defendant, the plaintiff initiated new service on the defendant directly. That service was effected on July 25, 1973, and was done "to avoid any possibility of denial of service by defendant".

The defendant filed its motion to dismiss on August 13, 1973. This was a timely response to the July 25, 1973, service. Rule 12(b), Federal Rules of Civil Procedure. Therefore, the question of the defendant's default if any, and the propriety of a default judgment, must be considered with respect to the first attempt at service only.

The plaintiff argues that correspondence from Koch's attorneys conceded that Koch was the defendant's agent at the time of service, if not at the time of injury. She asserts that Koch was in charge of the defendant's business in Wisconsin and, consequently, that service was effective. She further contends that the delay between the March 29th service and the August 13th response indicate an intent to delay on the defend-

ant's part. Default judgment is sought as a deterrent to this type of strategy.

The defendant denies that service was effective on March 29th. It is urged that the plaintiff has failed to demonstrate that the relationship between Koch and the defendant was sufficient to qualify Koch as the type of agent upon whom process is · properly served.

The defendant also contends that even if service was sufficient, default judgment would be unwarranted in that the delay was inadvertent and excusable. Affidavits have been filed tending to show that the delay was due primarily to the defendant's insurer's reorganization problems. The defendant had turned the pleadings over to the insurer, also a French organization, and the insurer allegedly believed that it was satisfying American procedure requirements. Additionally, part of the delay is ascribed to necessary language translations, mail delays and retention of Milwaukee counsel.

Finally, the defendant urges that the plaintiff's counsel waived his objections by orally agreeing to grant the defendant 20 days after the second service to respond. The defendant suggests that this motion was designed as an attempt by the plaintiff to force the defendant either to drop its motion to dismiss or to settle the action. These contentions are refuted by the plaintiff.

I need not determine the effectiveness of the first service or the existence of a waiver by the defendant. I am satisfied that default judgment is not warranted regardless of the disposition of those issues. The plaintiff has simply failed to demonstrate any prejudice as the result of the delay. Indeed, she did not even seek the default judgment until after the defendant responded. Furthermore, she has never requested entry of default from the clerk. Rule 55(a), Federal Rules of Civil Procedure. These factors, coupled with the reasonableness of the defendant's explanations, the physical and logistical

problems in dealing with a French defendant, and the dispatch with which local counsel acted upon being retained all militate against the remedy sought by the plaintiff. This is not a factual situation which would warrant such a remedy; a default judgment here would clearly be too harsh. Vac-Air, Inc. v. John Mohr & Sons, Inc., 471 F.2d 231, 234 (7th Cir. 1973).

## MOTION TO DISMISS

The defendant urges that the complaint must be dismissed as a result of the plaintiff's failure to demonstrate the court's jurisdiction over the person of the defendant. It is contended that the plaintiff's complaint and supporting materials fail to satisfy the "long-arm" requirements of § 262.05(4), Wis.Stats. It is further contended that due process would be offended by assertion of jurisdiction over the defendant on the facts presented here.

The plaintiff argues that inasmuch as an implied warranty theory is relied upon, § 262.05(4) is inapplicable. It is suggested that the action is contractual in nature and, therefore, that § 262.-05(5)(c) applies. With respect to the due process issue, it is argued that principles of fair play and substantial justice allow a foreign manufacturer to be required "to defend his product wherever he himself has placed it, either directly or indirectly through normal distributive channels of trade".

The first question to be answered in resolving the issue of this court's jurisdiction over the defendant concerns the applicable statutory basis for obtaining jurisdiction. Section 262.05 of the Wisconsin statutes provides, in part:

" . . . A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

.   .   .   .   .   .

"(4) *Local Injury; Foreign Act.* In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

"(5) *Local Services, Goods or Contracts.* In any action which:

.   .   .   .   .   .

"(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; . . . . ."

The complaint states that the plaintiff suffered injuries to her person in the course of her employment while using a machine manufactured by the defendant in France and sold to the plaintiff's employer. It confirms that the defendant is a French corporation with home offices in France, but alleges that the defendant does business in the United States "through its agent and representative" Koch, which is located in Wisconsin. The plaintiff concedes in her brief, however, that she does not claim the existence of any relationship between the defendant and Koch at the time of the injury.

■ It is apparent that jurisdiction cannot be asserted on the basis of subsection (5)(c) on these facts. This simply is not a case arising out of a promise to the plaintiff or anyone else. It is an action for personal injury based on breach of warranty and strict liability. As such, subsection (4) is the applicable provision. See McPhee v. Simonds Saw and Steel Company, 294 F.Supp. 779 (W.D.Wis.1969). Indeed, this provision of Wisconsin's long-arm statute is

commonly considered to be aimed at product liability claims where privity is lacking between the parties. G. W. Foster, Jr., Judicial Economy; Fairness and Convenience of Place of Trial: Long-arm jurisdiction in District Courts, 47 F.R.D. 73 (1968). Such is the case here.

■ Section 262.05(4) specifically requires certain minimum contacts with the state *at the time of the injury*. These must be either solicitation or service activities (§ 262.05(4)(a)) or use or consumption of the defendant's products in the ordinary course of business (§ 262.05(4)(b)). No solicitation or service activities are even alleged, much less demonstrated, and the only alleged use of the defendant's products in the state concerns the machine that is the subject of this suit. With respect to the latter point, I agree with the court in *McPhee* that § 262.05(4)(b) requires

" . . . that at the time of the injury more than one item processed, serviced or manufactured by defendant, was used or consumed within the state in the ordinary course of trade." 294 F.Supp. at 782.

The complaint must be dismissed as a result of the plaintiff's failure to allege or establish facts essential to establish personal jurisdiction over the defendant under the terms of the statute. In view of that failure, I do not reach the question of possible due process problems associated with the assertion of jurisdiction on these facts, nor do I reach the other issues raised by the defendant in support of its motion. If the plaintiff avails herself of the opportunity, which will be given her, to replead, the defendant may renew any of its objections that are not satisfied by the new complaint.

Therefore, it is ordered that the defendant's motion to dismiss the complaint be and hereby is granted, with leave to the plaintiff to serve and file an amended complaint within 20 days.