**BALTIMORE AND OHIO RAILROAD COMPANY, Plaintiff,**

v.

**MOBILE TANK CAR SERVICES, Defendant.**

**No. C85–1252.**

United States District Court, N.D. Ohio, E.D.

Nov. 17, 1987.

---

John T. Doheny, Arter & Hadden, Cleveland, Ohio, for plaintiff.

Michael Ungar, Ulmer, Berne, Cleveland, Ohio, for defendant.

BATTISTI, Chief Judge.

Plaintiff, Baltimore and Ohio Railroad Company, asserts that $8,526.00 is due by Defendant, Mobil Tank Car Services, for rail transportation services provided in interstate commerce. Plaintiff is a company duly authorized to transport freight and passengers by railroad in interstate commerce and defendant is a Kentucky corporation which utilizes rail services.

The posture of this case may be stated briefly. Plaintiff alleges personal jurisdiction in the complaint by stating that Defendant was "doing business in the City of Cleveland." Defendant counters, by affidavit of its President, that it is not licensed to do business in the State of Ohio and, during the period in question, it did not transact any business within Ohio. Plaintiff, for nearly two and one-half years, has not offered any evidence in support of its contention that defendant is subject to personal jurisdiction and thereby accountable to answer the complaint. Defendant, by special appearance for the sole purpose of contesting jurisdiction, moves this Court to dismiss the instant action for lack of personal jurisdiction and improper service of

**1438**

process pursuant to Fed.R.Civ.P. 12(b)(2), (4).

In evaluating the question presented, whether lack of personal jurisdiction mandates dismissal of the instant action, consideration must be given to where the burdens of pleading and production rest on this issue.

In personam jurisdiction is one of the three horsemen *sine qua non* a lawsuit may proceed.[1] It has been well established through *Pennoyer v. Neff*, 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1877), and its progeny that a court must be able to exercise personal jurisdiction—jurisdiction in personam, in rem or quasi in rem—in order to render a valid judgment.[2] Failure of such power is fatal to a Court's ability to proceed. Traditionally, the presence or absence of personal jurisdiction was most carefully tested by special appearance. *See generally* 6 C.J.S. Appearances §§ 4–5. Today, however, a motion may be filed pursuant to Fed.R.Civ.P. 12(b). Under the Federal Rules, an appearance for the sole purpose of challenging jurisdiction is unnecessary but permissable. *United States v. Balanovski*, 236 F.2d 298, 303 (2d Cir.1956). No waiver of one's ability to challenge personal jurisdiction is effectuated by an appearance to file a motion to dismiss, or an answer, including challenges to personal jurisdiction. Fed.R.Civ.P. 12. The merciful demise of the forms of action laid to rest the need for a special appearance; some struggling parties, however, continue to pursue such an approach.

■ Defendant's motion to dismiss for lack of personal jurisdiction require consideration of the broad standard for finding such power to adjudicate over the person. In making this determination, consideration must be given to "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977). Due process is thus met before a suit proceeds. However, before the due

process standard is satisfied, a defendant not present in the forum must have had "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

With these broad principles in mind, it is necessary to narrow the focus on the requirements for bringing a party before this federal court. The nature and extent of in personam jurisdiction in federal court derives from application of the law of the forum. *In–Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972). Equally, federal service of process under Fed.R.Civ.P. 4(c) utilizes Ohio law. The Ohio long-arm statute, Ohio Rev.Code Ann. § 2307.38.2, in pertinent part provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

To establish personal jurisdiction and valid service of proces, the statutory provisions must be strictly met.

A limit, marking the greatest reach of the Ohio long-arm statute, has been articulated in this Circuit. To find personal jurisdiction and valid service of process:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of juris-

---

1. Subject matter jurisdiction and venue complete the triology.

2. The instant action raises, of necessity, questions concerning action in personam. Because

no attachment of property is involved herein, an action in rem cannot, by nature, exist. Equally, an action quasi-in-rem is rendered impermissable under *Pennoyer* without prior attachment.

diction over the defendant reasonable. *Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir.1968). It is only through the establishment of a relationship between the Defendant Mobil Tank Car Services, the Ohio forum and the contract payments at issue that the suit may proceed.

Before turning to application of the facts at bar, the burdens of pleading and proof of jurisdiction must also be at hand. They are relevant to the instant decision.

■ A plaintiff, seeking to hail a foreign defendant into a distant forum, bears an initial burden of pleading jurisdiction. "He must allege in his pleadings the facts essential to show jurisdiction." *McNutt v. General Motors*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Even more specifically, "[w]hen a plaintiff seeks to bring a defendant into Court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that such defendant can be subjected to jurisdiction within the state." *Block Indus. v. DHJ Indus.*, 495 F.2d 256, 259 (8th Cir.1974). The minimal allegation that a defendant "transacts business" within the state can be sufficient to overcome this initial pleading requirement, if uncontroverted. *Williams v. Vick Chem. Co.*, 279 F.Supp. 833, 837 (S.D.Iowa 1967).

■ If, however, the pleadings are challenged, by appropriate motion or response, plaintiff "must support them by competent proof." *McNutt*, 298 U.S. at 189, 56 S.Ct. at 785. Defendant, by introduction of evidence controverting jurisdiction, shifts the burden of going forward back to the plaintiff. Prima facie evidence showing jurisdiction is then required of the plaintiff, "thereby casting the burden [back] upon the moving party [the defendant] to demonstrate a lack of personal jurisdiction." *Aaron Ferer & Sons v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977). This is a burden of production placed on the plaintiff, not a burden of proof. Plaintiff is merely required to produce some creditable evidence pointing toward the existence of jurisdiction.

■ The granting of a motion to dismiss pursuant to rule 12(b) is dispositive in nature; therefore, it is necessary to afford the non-moving party, the plaintiff, the most favorable construction. This view does not, however, relieve a plaintiff of the burdens of pleading, production or going forward.

■ Plaintiff in pleading this action alleges that the Defendant corporation "was doing business in the City of Cleveland, Cuyahoga County, Ohio." Complaint ¶ 2. Uncontroverted, this would be adequate for the suit to proceed. Defendant, however, has chosen by its special appearance to challenge this bare allegation. In support of their position, Defendant offered the affidavit of its President which asserts that the Defendant was "not licensed to do business in the State of Ohio and has not, at any of the times complained of, transacted business in the State of Ohio ... [or] ... operated or otherwise been responsible for the operation of any facility in Cuyahoga County Ohio." Affidavit of Roger F. Williams ¶¶ 3, 4. This is sufficient to require the Plaintiff to make a showing that jurisdiction exists, by at least prima facie evidence.

Plaintiff has repeatedly failed to introduce any evidence that would establish the requisite minimum contacts with the State of Ohio. No counter affidavits or any other proof of record has been put forward. Applying the law of the forum in testing jurisdiction, as required by *Van Dusen* discussed *supra*, the Plaintiff has failed to meet the burden placed on it. The Ohio Supreme Court in *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303 (1971), clearly demonstrates the law of the forum applicable to the instant case. "There is no proof in the record, either by way of counter-affidavit or sworn testimony, which would establish 'minimal contacts' in Ohio of the defendants which are essential before jurisdiction can be acquired." *Id.* at 308.

Plaintiff's failure to establish any facts which would support a finding of personal jurisdiction and valid service of process under the three-point *Southern Machine* test renders the bare allegation of jurisdiction

subject to successful attack. Defendant's Motion to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), (4), is hereby granted.

IT IS SO ORDERED.

### ORDER

Plaintiff seeks this Court's leave to file its first amended complaint instanter. This motion, argued by both sides, has given the Court an opportunity to evaluate the facts of this case and to rule both on the instant motion and on defendant's aged Fed.R.Civ.P. 12(b) motion to dismiss. Considering the facts as presented on both motions, and based upon the reasoning set forth in the order granting defendant's motion to dismiss, plaintiff's motion for Leave to File First Amended Complaint Instanter is hereby denied.

IT IS SO ORDERED.