**FIRST NATIONAL BANK OF LOUISVILLE, Plaintiff-Appellant,**

v.

**J. W. BREWER TIRE COMPANY, Defendant-Appellee.**

**No. 81-5469.**

United States Court of Appeals, Sixth Circuit.

Argued April 27, 1982.

Decided June 22, 1982.

Michael R. Tilley, Louisville, Ky., for plaintiff-appellant.

Joseph H. Cohen, Robert V. Waterman, Louisville, Ky., for defendant-appellee.

Before MERRITT and JONES, Circuit Judges, and WILSON,* District Judge.

PER CURIAM.

The issue in this case is what minimum contacts are required to allow a state to exert personal jurisdiction over a nonresi-

dent corporate buyer sued by a resident corporate seller to collect on an unpaid account.

In 1977, First National Bank of Louisville lent substantial amounts of money to IRI, Inc., an automobile tire manufacturer also in Louisville, taking a security interest in IRI's accounts receivable as collateral. After IRI went bankrupt in July 1979, First National took over the accounts receivable. This suit is a result of their unsuccessful attempt to collect on a $37,222.83 balance alleged to be due from J. W. Brewer Tire Co. of Salt Lake City, Utah. In addition, First National claims that IRA allowed $73,000 in credits to Brewer, adverse to the Bank's security interest. The accounts receivable are the balance of some $800,000 of business conducted between the two firms between 1976 and 1979.

The business relationship began when IRI asked a mutual acquaintance to contact Brewer Tire in Utah. IRI salesmen then visited Utah, soliciting orders. As a result of these solicitations, Brewer ordered trailer loads of tires approximately once every two months for four years.

The record shows some conflict on the question of visits to Kentucky by Brewer personnel over the four years. The evidence is undisputed that five Brewer employees attended an IRI sales training seminar in Louisville in 1978, and Brewer President Joseph Brewer attended a similar seminar in 1979. But Paul Como, vice president of First National, stated further in his affidavit before the district court that:

On occasion, Brewer Tire through its agents or employees visited the manufacturing facilities of IRI in Louisville, Jefferson County, Kentucky.

Suit was brought in federal district court in Kentucky on diversity grounds, and Brewer was served process under the Kentucky long-arm statute, KRS 454.-210(2)(a)(1):

* The Honorable Frank W. Wilson, Chief United States District Judge, Eastern District of Tennessee, sitting by designation.

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a claim arising from the person's

    1. Transacting any business in this Commonwealth . . . .

Defendant Brewer Tire moved for dismissal under 12(b)(2), Federal Rules of Civil Procedure. Both parties submitted memoranda and affidavits in support of and in opposition to the motion.

The motion was granted without an evidentiary hearing on the grounds that Brewer had not engaged in purposeful activity sufficient to benefit from the forum state's protection. Therefore, assertion of personal jurisdiction would violate due process as defined in the "minimum contacts" doctrine of *International Shoe*.[1] The record reveals that First National, on the undisputed facts, established *in personam* jurisdiction over Brewer in Kentucky. Therefore, we reverse and remand for further proceedings on the merits.

■ Although the burden of proving jurisdiction, once challenged, is on a plaintiff, a plaintiff need only show a prima facie case of jurisdiction if, as in the case before us, the district court rules solely on the basis of written submissions. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). However, if the affidavits yield no material dispute, jurisdiction may be determined as a matter of law.

■ The lower court correctly applied the law of the forum state to determine the reach of its jurisdiction in the case. *Davis H. Elliott Co. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir. 1975). In a state where the long-arm statute has been interpreted by its courts to be as broad as the limits of due process, the court merges the question of how far a state intended to extend its reach into the single question of whether the jurisdiction sought is within the requirements of due process. *National*

*Can Corporation v. K Beverage Co.*, 674 F.2d 1134 (6th Cir. 1982); *Poyner v. Erma Werke Gmbh*, 618 F.2d 1186, 1188 (6th Cir. 1980), *cert. denied sub nom. Insurance Co. of North America v. Poyner*, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980). Kentucky is such a state. *Poyner, id.* at 1189; *Volvo of America Corp. v. Wells*, 551 S.W.2d 826 (Ky.App.1977).

The sole question, then, before the trial court was whether assertion of jurisdiction would violate due process notions of fairness and substantial justice. *National Can Corporation v. K Beverage Co.*, at 1136; *Poyner v. Erma Werke Gmbh*, 618 F.2d at 1188; *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 at 376 (6th Cir. 1968).

Brewer relies heavily on the single Kentucky case which discusses "transacting business" in the context of sales. In *Tube Turns Div. of Chemetron v. Patterson Co.*, 562 S.W.2d 99 (Ky.App.1978), the Kentucky court of appeals held that long-arm jurisdiction could not be exercised over a Colorado buyer on the basis of a single sale by the Kentucky seller. The decisive factors were that, (1) the single sale did not involve specially manufactured goods; (2) the sale was not a part of a series of transactions nor particularly large, and (3) there was no inspection of production facilities following substantial negotiations. Although it is true that Brewer, as the defendant in *Tube Turns*, has no physical presence in the forum state, the quality of business transactions are quite different. In fact, the Kentucky court suggested a different result if a series of transactions were involved. 562 S.W.2d at 100–01 *citing In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972).

*In-Flight* discusses the flexible analysis appropriate for decisions dependent upon notions of due process. A three-part test for determining whether a company has transacted business, first set out in a previous Sixth Circuit case, was applied in *In-Flight*:

---

1. *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

466 F.2d at 266, *quoting Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

■ Both the first and second prongs are met when a dispute arises from a substantial business contract with a corporation based in another jurisdiction. The third factor looks to the extent of the forum state's interest and whether exertion of jurisdiction over the particular defendant is fair. When the first two elements are met, an inference arises that the third, fairness, is also present; only the unusual case will not meet this third criterion. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d at 384. Among other considerations, fairness is judged by whether the buyer (1) is an "active" or "passive" one, (2) could foresee a foreign suit, and (3) has physical contacts with the forum state.

■ The uncontroverted facts on comparison of the Brewer and First National affidavits establish jurisdiction under this test. The dispute arose out of a substantial business contract with a corporation in a foreign jurisdiction. Kentucky has a substantial interest in seeing that its residents get the benefit of their bargain. Evidence has been offered of two factors—two business visits made by Brewer's personnel to Kentucky, and a series of sales transactions over several years which led to various adjustments of the parties' purchase orders—indicating an active rather than passive buyer. Brewer has sales offices in four states and purchases tires from five other states (including Kentucky) and could thereby foresee a suit in a foreign jurisdiction. Telephone calls, purchase orders, invoices, bills of lading and other documents and transactions involving the companies' dealings are in Kentucky and provide physical contacts with that state.

Recent Supreme Court rulings defining limits to the reach of personal jurisdiction are consistent with this approach. Brewer's reasonable expectation of suit in a foreign forum does not depend upon a finding that the company could foresee purchase orders and monies finding their way into Kentucky. "Rather, it is that the defendant's conduct and connection with the forum state are such that he could reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Moreover, Utah has not "attempted to assert any particularized interest in trying such cases in its courts by e.g., enacting a special jurisdictional statute." *Kulko v. California Superior Court*, 436 U.S. 84, 98, 98 S.Ct. 1690, 1700, 56 L.Ed.2d 132 (1978). It does not appear that Utah policies respecting the rights of debtors and creditors are materially different from Kentucky's.

Accordingly, the judgment of dismissal is VACATED and the suit REMANDED for further proceedings consistent with this opinion.