**WRIGHT INTERNATIONAL EXPRESS, INC., Plaintiff,**

v.

**ROGER DEAN CHEVROLET, INC., d/b/a Aero Exchange Corp., Defendant.**

**No. C–1–87–902.**

United States District Court, S.D. Ohio, W.D.

May 27, 1988.

Roger W. Healey, Cincinnati, Ohio, for plaintiff.

Thomas R. Sant, John J. Cruze, Cincinnati, Ohio, for defendant; Richard M. Goldstein, Miami, Fla., of counsel.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 14) granting defendant's Motion to Dismiss (doc. no. 5) and the memoranda of the parties filed relating thereto. Defendant moves, pursuant to Fed.R.Civ.P. 12(b), for a dismissal of plaintiff's Complaint for lack of In Personam Jurisdiction.

In order for this Court to exercise personal jurisdiction over the defendant, there must be notice to the defendant, a constitutionally sufficient nexus between the defendant and the forum, and a basis for the defendant's amenability to service of summons. The basis for amenability to service, absent consent, means there must be authorization for service of summons on the defendant. This authorization is covered generally by Rule 4 of the Federal Rules of Civil Procedure. *See Omni Capital International v. Rudolph Wolff & Co., Ltd.,* — U.S. —, 108 S.Ct. 404, 409–410, 98 L.Ed.2d 415 (1987).

The burden of proving *in personam* jurisdiction, once it has been challenged, is on the plaintiff. *Armbruster v. Quinn,* 711 F.2d 1332, 1335 (6th Cir.1983). If the Court relies solely on the written materials submitted by the parties in making a pretrial determination, plaintiff need only establish a prima facie case of jurisdiction by demonstrating facts sufficient to support a finding of jurisdiction in order to avoid dismissal. *Id.* The Court must consider the pleadings and affidavits in the light most favorable to plaintiff. *Id.*

There are no material disputed facts underlying the issue of jurisdiction in this case and no issue of credibility. The Court has considered the Report and Recommendation of the Magistrate and the written materials submitted by the parties in rendering a determination on defendant's Motion to Dismiss.

As this case involves an out-of-state defendant, Federal Rule of Civil Procedure 4(e) provides the requisite authorization. Rule 4(e) provides:

Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides ... for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

Thus, under Rule 4(e), the Court in this case must look to the long-arm statute of the State of Ohio to determine whether the defendant is amenable to service to warrant the exercise of personal jurisdiction. Ohio's long-arm statute, Ohio Rev. Code § 2307.38.2 provides in pertinent part that:

(A) A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply ser\ ces or goods in this state; ...

One has transacted business in Ohio when the obligations created by a defend-

ant or by business operations set in motion by the defendant have a realistic impact on the commerce of this state. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 382–83 (6th Cir.1968). The Court may apply subsection (A)(1) to a single act of a defendant committed within or affecting Ohio. *Id.*

In order to ascertain whether the exercise of jurisdiction is proper under the Ohio statute, the Court must determine: 1) whether the exercise of *in personam* jurisdiction is permitted under the state statute, and 2) if so, whether the extension of such jurisdiction violates notions of fair play encompassed by the Due Process Clause of the fourteenth amendment. *In–Flight Devices Corp.*, 466 F.2d 220, 224; *Armbruster*, 711 F.2d at 1335. Where the state long-arm statute has been interpreted by the Courts to be as broad as the limits of the Due Process Clause, the question of how far a state intended to extend the reach of its jurisdiction merges into the single question of whether the exercise of jurisdiction is constitutional. *First National Bank, etc. v. J.W. Brewer Tire Co.*, 680 F.2d 1123 (6th Cir.1982).

It is well established in the Sixth Circuit that this section of the Ohio long-arm statute has extended the *in personam* jurisdiction of courts which sit in Ohio to its constitutional limits. *In–Flight Devices Corp.*, 466 F.2d at 224; *Armbruster*, 711 F.2d at 1335. Thus, the sole question becomes whether this Court may constitutionally exercise *in personam* jurisdiction over a particular defendant under Ohio's long-arm statute.

Where the Court's jurisdiction is predicated upon a single act of a defendant, the Court must undertake a three-fold analysis: 1) Has defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state?, 2) did the cause of action arise from defendant's actions there?, and 3) did the acts of defendant have a sufficiently substantial connection with the forum state to make the exercise of jurisdiction over defendant reasonable? *Southern Machine Co.*, 401 F.2d at 381; *In–Flight Devices*

*Corp.*, 466 F.2d at 220; *Nat'l. Can Corp. v. K Beverage Co.*, 674 F.2d 1134, 1137–38 (6th Cir.1982).

The first requirement protects a foreign defendant from the jurisdiction of a forum state which might result from the plaintiff's unilateral activity. *In–Flight Devices Corp.*, 466 F.2d at 226. It insures that the defendant has become involved in the forum state through actions freely and intentionally undertaken by the defendant and prohibits jurisdiction where all contacts with a state result entirely from decisions made by the plaintiff. *Southern Machine Co.*, 401 F.2d at 382–383. The intentional act of entering into a contractual relationship with a resident of Ohio is sufficient to meet the purposeful action requirement. *Id.* One's acts become purposeful if one should have reasonably foreseen that a transaction would have consequences in the forum state. *Southern Machine Co.*, 401 F.2d at 383. A party to a contract may be held to have reasonably been able to foresee such consequences when that party knows that the other party to the contract is a resident of Ohio. *See Garrett v. Ruth Originals*, 456 F.Supp. 376 (S.D.Ohio 1978). Entering into a contract with an Ohio resident satisfies the first requirement.

The second requirement, that the cause of action arises out of a defendant's actions in this state is satisfied when the defendant breaches a contract. In such a case, the breach of the contract entered into with an Ohio resident is the event which does the damage within Ohio and satisfies this requirement. *In–Flight Devices Corp.*, 466 F.2d at 229. In addition, in this case, defendant notified plaintiff in Ohio of the termination of the contract. This early termination is claimed to be one of the breaches of the contract.

Where the first two prongs of the test are met an inference arises that the third element, fairness, is also present. *First National Bank, etc. v. J.W. Brewer Tire Co.*, 680 F.2d at 1126, *citing, Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d at 381. Only in an unusual case will the third criterion not be found when the first two criteria are met. *Id.* This

final criterion incorporates the flexibility of the test of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which requires that one may be subject to *in personam* jurisdiction only if minimum contacts with the forum state are present so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *In-Flight Devices Corp.*, 466 F.2d at 232.

The factors to be considered in determining whether the third prong of the test is met include whether the individual defendant should foresee the possibility of a foreign suit. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *In-Flight Devices Corp.*, 466 F.2d at 233; *First Nat'l. Bank, etc. v. J.W. Brewer Tire Co.* 680 F.2d at 1123. Where the non-resident party has physical contact with Ohio, a contract with a resident of Ohio by a non-resident defendant is evidence of the latter's expectation that it may be involved in litigation in Ohio. *In-Flight Devices Corp.*, 466 F.2d at 234. An additional factor is the nature and quantity of the physical contacts with the forum state. *Id.* at 235. This factor is important to gauge the significance the parties attach to events occurring in Ohio, and to determine their expectations. *Id.* Physical entry into the state generally establishes that the parties considered events occurring within Ohio to be significant, however, letters or phone calls to Ohio also are indicative of substantial involvement with this state. *Id.*

Another factor to be considered is whether the plaintiff was passive or whether it actively participated in the transaction in question. *First Nat'l. Bank, etc. v. J.W. Brewer Tire Co.*, 680 F.2d at 1123; *In-Flight Devices Corp.*, 466 F.2d at 234. A further aspect of the fairness consideration is the extent of Ohio's interest in the controversy. *In-Flight Devices Corp.*, at 232. Ohio has an interest in resolving suits brought by one of its residents and has a substantial interest in seeing that its residents get the benefit of their bargains. *First National Bank, etc. v. J.W. Brewer Tire Co.*, 680 F.2d at 1126. Holding a defendant answerable for its failure to perform obligations imposed upon it by a contract is consistent with the Ohio policy of securing to individuals the benefit of their bargains. *See Cinti. Milacron Industries v. Aqua Dyne, Inc.*, 592 F.Supp. 1113, 1117 (S.D.Ohio 1984).

In this case, defendant negotiated for plaintiff's business, conducted the negotiations over a 45–day period through use of the wires and the mail in Ohio with an Ohio resident, and entered into a contract with an Ohio resident for the lease of a lear jet to be based in Ohio. The contract contemplated future consequences which a reasonable party would expect to occur in Ohio, such as the location and maintenance of the lear jet, as well as certain contract-required record keeping regarding the lear jet.

While the contract provided that Florida law would control the rights of the parties thereunder, it failed to provide a specific court of venue, and rather provided that any court of competent jurisdiction would have venue of contractual disputes. Also, although defendant signed the contract in Florida and delivery of the lear jet occurred in Florida, defendant's notification of termination of the contract was by mail to Ohio.

Defendant engaged in conduct which resulted in the creation of continuing obligations between itself and a resident of Ohio. While it was not physically present by body in Ohio, it was present by voice and words. It purposefully directed its activities at a resident of Ohio and availed itself of the privileges of conducting business by wire and mail within the State of Ohio. Further, its property, the lear jet, was based in Ohio. The requirement under Ohio's long-arm statute that defendant has transacted business in this state is satisfied.

As the cause of action in the present case arises out of a single transaction between plaintiff and defendant, the three-fold analysis of *Southern Machine* must be applied to determine whether the exercise of *in personam* jurisdiction is constitutional.

The requirement that defendant purposefully avail itself of the privilege of acting in this state is satisfied. Each party knew

that plaintiff was a resident of this state. Defendant had contacts with plaintiff in Ohio through the mail and over the telephone for its business purposes. Moreover, defendant's actions were purposeful in that defendant actively sought the contract and should have reasonably foreseen that entering into a contract with plaintiff would have consequences in this state. Defendant knew plaintiff to be a resident of Ohio, knew its leased property would be based in Ohio, and mailed its termination of the contract to Ohio. Holding defendant answerable for its alleged failure to perform obligations imposed upon it by the contract serves Ohio's policy of securing to its residents the benefit of their bargains. Finally, defendant's intentional act of entering into and terminating a contract with plaintiff insures that it was not plaintiff's unilateral action which resulted in the defense of a suit in Ohio by defendant, but defendant's actions as well.

Likewise, the requirement that the cause of action arise out of the transactions of defendant is satisfied. The alleged breaches giving rise to this cause of action arose out of the formation of the contract, defendant's alleged failure to perform the contract in Ohio, and the contract termination in Ohio.

Since these first two elements are met, an inference arises that the third prong is satisfied. This case presents no unusual facts which would suggest that the third criterion is not met. There was direct contact between plaintiff and defendant by telephone and through the mails that suggests that defendant foresaw the possibility that it might be involved in litigation in Ohio. It was forseeable that acts would occur in Ohio where the property was usually located regarding the contract such as repossession of the property.

Based upon the foregoing, the Court finds that the exercise of personal jurisdiction by this Court over this defendant comports with the Due Process Clause of the fifth amendment of the United States Constitution. *See Omni Capital International,* 108 S.Ct. 404, *infra; Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct.

2174, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Travelers Health Ass'n. v. Virginia,* 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950); *International Shoe Company,* 326 U.S. 310, 66 S.Ct. 154, *infra.*

A determination as to whether the exercise of *in personam* jurisdiction is appropriate cannot be made by comparing the facts of one case with those of another or by rigidly applying a set of dogmatic rules. *In–Flight Devices Corp.,* 466 F.2d 220. The question is one that must be decided on a case-by-case basis in light of the particular facts of each case. The Court concludes that plaintiff has carried its burden of establishing a prima facie case for the exercise of *in personam* jurisdiction in light of all of the factors to be considered in this case. Further, defendant had actual notice of this lawsuit and has had a fair opportunity to defend the Complaint by plaintiff and, in turn, to advocate its rights in this litigation.

Accordingly, the Court finds that the exercise of *in personam* jurisdiction over this defendant does comport with the constitutional requirements and that this Court is bound to find that the exercise of such jurisdiction over this defendant is authorized by Ohio Rev. Code § 2307.382(A)(1). *In–Flight Devices Corp.,* 466 F.2d 220; *Anilas, Inc. v. Kern,* 31 Ohio St.3d 163, 509 N.E.2d 1267 (1987). Therefore, the Court SUSTAINS the objections to the recommendation of the United States Magistrate and hereby DENIES defendant's Motion to Dismiss (doc. no. 5).

Further, this matter is hereby SET FOR SCHEDULING CONFERENCE on Friday, June 10, 1988 at 9:00 A.M. in Suite 808, U.S.P.O. & Courthouse, Cincinnati, Ohio.

IT IS SO ORDERED.