**RELIANCE ELECTRIC CO., Plaintiff,**

v.

**Charles LUECKE, et al., Defendants.**

No. C–1–87–556.

United States District Court,
S.D. Ohio, W.D.

July 21, 1988.

918

Ernest V. Thomas, Thomas & Thomas, Cincinnati, Ohio, for Reliance Elec. Co.

Michael J. Boylan, Cohen, Todd, Kite & Stanford, Cincinnati, Ohio, for Charles Luecke.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant Chait's Motion to Dismiss (doc. no. 6), the Magistrate's Order, which shall be considered as a Report and Recommendation, denying defendant's Motion (doc. no. 14), and defendant's Appeal of Order of the Magistrate (doc. no. 16).

The basis of plaintiff's Complaint is a personal guaranty executed by defendant Chait on behalf of the C & L Scale Co. ("C & L"). Plaintiff Reliance Electric Co. ("Reliance") alleges that such guaranty was executed by defendant Chait as an inducement for Reliance to extend credit to C & L. Plaintiff Reliance has its principal place of business in the state of Ohio; defendant Chait is a resident of the state of Pennsylvania and is President and part-owner of C & L which operates out of Philadelphia, Pennsylvania.

Defendant maintains this Court lacks personal jurisdiction over him under the Ohio long-arm statute for the reasons that 1) nothing in the personal guaranty waives his right to object to jurisdiction over him in Ohio, 2) nothing in the guaranty submits him to jurisdiction in Ohio or consents thereto, and 3) the Complaint fails to allege sufficient facts to establish such personal jurisdiction.

The Magistrate recommends denial of defendant's Motion to Dismiss reasoning that the extension of the guaranty is not a jurisdictional matter but a factual issue to be proved at trial or upon appropriate motion. On that basis, the Magistrate found that the jurisdictional analysis under Sixth Circuit and Ohio law does not apply.

This Court agrees with the Magistrate that this case should proceed on this Court's docket, however, the Court finds that, under the facts and circumstances presented by this case, the jurisdictional

analysis set forth in *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir.1968) is applicable and controlling in the resolution of this issue. Further, the United States Court of Appeals for the Sixth Circuit addressed this jurisdictional issue involving guarantor-defendants in a breach of contract action in *National Can Corporation v. K Beverage Co.*, 674 F.2d 1134 (6th Cir.1982). The *National Can* case involved the Kentucky long-arm statute which language is nearly identical to that of the Ohio statute; this case instructs us that the jurisdictional analysis set forth in *Southern Machine* is the proper criteria to determine the constitutional reach of a state long-arm statute over nonresident guarantors.

█ In order for this Court to exercise personal jurisdiction over the defendant, there must be notice to the defendant, a constitutionally sufficient nexus between the defendant and the forum, and a basis for the defendant's amenability to service of summons. As to amenability to service, absent consent this means there must be authorization for service of summons on the defendant. This authorization is covered generally by Rule 4 of the Federal Rules of Civil Procedure. *See Omni Capital International v. Rudolf Wolff & Co., Ltd.*, — U.S. —, 108 S.Ct. 404, 409–410, 98 L.Ed.2d 415 (1987).

█ The burden of proving *in personam* jurisdiction, once it has been challenged, is on the plaintiff. *Armbruster v. Quinn*, 711 F.2d 1332, 1335 (6th Cir.1983). If the Court relies solely on the written materials submitted by the parties in making a pretrial determination, plaintiff need only establish a prima facie case of jurisdiction by demonstrating facts sufficient to support a finding of jurisdiction in order to avoid dismissal. *Id.* The Court must consider the pleadings and affidavits in the light most favorable to plaintiff. *Id.*

As this case involves an out-of-state defendant, Federal Rule of Civil Procedure 4(e) provides the requisite authorization. Rule 4(e) provides:

> Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides ... for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

Thus, under Rule 4(e), the Court in this case must look to the long-arm statute of the State of Ohio to determine whether the defendant is amenable to service to warrant the exercise of personal jurisdiction. Ohio's long-arm statute, Ohio Rev.Code § 2307.382 provides in pertinent part that:

> (A) A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state; ...

█ One has transacted business in Ohio when the obligations created by a defendant or by business operations set in motion by the defendant have a realistic impact on the commerce of this state. *Southern Machine Co.*, 401 F.2d at 382–83. The Court may apply subsection (A)(1) to a single act of a defendant committed within or affecting Ohio. *Id.*

█ In order to ascertain whether the exercise of jurisdiction is proper under a state statute, the Court must determine: 1) whether the exercise of *in personam* jurisdiction is permitted under the state statute, and 2) if so, whether the extension of such jurisdiction violates notions of fair play encompassed by the due process clause of the

fourteenth amendment. *In–Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, at 224 (6th Cir.1972); *Armbruster,* 711 F.2d at 1335. Where the state long-arm statute has been interpreted by the Courts to be as broad as the limits of the Due Process Clause, the question of how far a state intended to extend the reach of its jurisdiction merges into the single question of whether the exercise of jurisdiction is constitutional. *First National Bank, Etc. v. J.W. Brewer Tire Co.,* 680 F.2d 1123 (6th Cir.1982).

It is well established in the Sixth Circuit that this section of the Ohio long-arm statute has extended the *in personam* jurisdiction of courts which sit in Ohio to its constitutional limits. *In–Flight Devices Corp.,* 466 F.2d at 224; *Armbruster,* 711 F.2d at 1335. Thus, the sole question becomes whether this Court may constitutionally exercise *in personam* jurisdiction over a particular defendant under Ohio's long-arm statute.

■ Where the Court's jurisdiction is predicated upon a single act of a defendant, the Court must undertake a three-fold analysis: 1) Has defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state?, 2) did the cause of action arise from defendant's actions there?, and 3) did the acts of defendant have a sufficiently substantial connection with the forum state to make the exercise of jurisdiction over defendant reasonable? *Southern Machine Co.,* 401 F.2d at 381; *In–Flight Devices Corp.,* 466 F.2d at 220; *Nat'l. Can Corp. v. K Beverage Co.,* 674 F.2d at 1137–38.

■ The first requirement protects a foreign defendant from the jurisdiction of a forum state which might result from the plaintiff's unilateral activity. *In–Flight Devices Corp.,* 466 F.2d at 226. It insures that the defendant has become involved in the forum state through actions freely and intentionally undertaken by the defendant and prohibits jurisdiction where all contacts with a state result entirely from decisions made by the plaintiff. *Southern Machine Co.,* 401 F.2d at 382–383. The intentional act of entering into a contractual relationship with a resident of Ohio is sufficient to meet the purposeful action requirement. *Id.* One's acts become purposeful if one should have reasonably foreseen that a transaction would have consequences in the forum state. *Southern Machine Co.,* 401 F.2d at 383. Further, the Supreme Court has rejected the contention that a state's power to regulate is determined by the place of contracting or of performance; instead it instructs that great weight be accorded to the consequences of the obligations and the state's degree of interest in enforcing them. *Travelers Health Association v. Virginia,* 339 U.S. 643, 647–48, 70 S.Ct. 927, 929–930, 94 L.Ed. 1154 (1950). A party to a contract may be held to have reasonably been able to foresee such consequences when that party knows that the other party to the contract is a resident of Ohio. *See Garrett v. Ruth Originals,* 456 F.Supp. 376 (S.D.Ohio 1978). Creating an indebtedness in Ohio by giving a guaranty to an Ohio resident, regardless of the guarantor's residence, the place of contracting, or place of performance, satisfies the first requirement.

■ The second requirement, that the cause of action arises out of a defendant's actions in this state, is satisfied as defendant voluntarily signed the guaranty without which credit would not have been furnished by the Ohio company. The guaranty agreement entered into with an Ohio resident is the basis for the action and the event which does the damage upon default by the principal. *See In–Flight Devices Corp.,* 466 F.2d at 229; *see also National Can Corp.,* 674 F.2d at 1138.

■ Where the first two prongs of the test are met an inference arises that the third element, fairness, is also present. *First National Bank, Etc. v. J.W. Brewer Tire Co.,* 680 F.2d at 1126, *citing, Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d at 381. Only in an unusual case will the third criterion not be found when the first two criteria are met. *Id.* This final criterion incorporates the flexibility of the test of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90

L.Ed. 95 (1945), which requires that one may be subject to *in personam* jurisdiction only if minimum contacts with the forum state are present so that maintenance of the suit does not ofend traditional notions of fair play and substantial justice. *In-Flight Devices Corp.*, 466 F.2d at 232.

The factors to be considered in determining whether the third prong of the test is met include whether the individual defendant should foresee the possibility of a foreign suit. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *In-Flight Devices Corp.*, 466 F.2d at 233; *First Nat'l. Bank, Etc. v. J.W. Brewer Tire Co.*, 680 F.2d at 1126. Where the non-resident party has a contract with a resident of Ohio, that may be evidence of the non-resident's expectation that it may be involved in litigation in Ohio. *In-Flight Devices Corp.*, 466 F.2d at 234. Further, no particular type of physical contact is required as a jurisdictional prerequisite. It is not necessary that defendant be physically present in Ohio. *Id.*

Another factor to be considered is whether the defendant was passive or whether it actively participated in the transaction in question. *First Nat'l Bank, Etc. v. J.W. Brewer Tire Co.*, 680 F.2d at 1126; *In-Flight Devices Corp.*, 466 F.2d at 234. A further aspect of the fairness consideration is the extent of Ohio's interest in the controversy. *In-Flight Devices Corp.*, at 232. Ohio has an interest in resolving suits brought by one of its residents and has a substantial interest in seeing that its residents get the benefit of their bargains. *First National Bank, Etc. v. J.W. Brewer Tire Co.*, 680 F.2d at 1126. Holding a defendant answerable for its failure to perform obligations imposed upon it by a contract is consistent with the Ohio policy of securing to individuals the benefit of their bargains. *See Cinti, Milacron Industries v. Aqua Dyne, Inc.*, 592 F.Supp. 1113, 1117 (S.D.Ohio 1984). Plaintiff fulfilled its part of the agreement on the strength that defendant would fulfill his. It is reasonable for this forum to require defendant to honor his guaranty which was the essential element of receiving credit from an Ohio resident.

Based upon the foregoing, the Court finds that the exercise of personal jurisdiction by this Court over this defendant comports with the due process clause of the fifth amendment of the United States Constitution. *See Omni Capital International,* — U.S. —, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), *infra; Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Travelers Health Ass'n. v. Virginia*, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950); *International Shoe Company*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *infra.*

A determination as to whether the exercise of *in personam* jurisdiction is appropriate cannot be made by comparing the facts of one case with those of another or by rigidly applying a set of dogmatic rules. *In-Flight Devices Corp.*, 466 F.2d at 220. The question is one that must be decided on a case-by-case basis in light of the particular facts of each case. The Court concludes that plaintiff has carried its burden of establishing a prima facie case for the exercise of *in personam* jurisdiction in light of all of the factors to be considered in this case. Further, defendant had actual notice of this lawsuit and has had a fair opportunity to defend the Complaint by plaintiff and, in turn, to advocate its rights in this litigation.

Accordingly, the Court finds that the exercise of *in personam* jurisdiction over this defendant does comport with the constitutional requirements and that this Court is bound to find that the exercise of such jurisdiction over this defendant is authorized by Ohio Rev.Code § 2307.382(A)(1). *In-Flight Devices Corp.*, 466 F.2d 220; *Anilas, Inc. v. Kern*, 31 Ohio St.3d 163, 509 N.E.2d 1267 (1987).

Therefore, defendant Chait's Appeal of Order of the Magistrate (doc. no. 16) is DENIED in that his Motion to Dismiss (doc. no. 6) is DENIED and this matter is RETURNED to the Magistrate for further

proceedings pursuant to this Court's original Order of Reference (doc. no. 12).

IT IS SO ORDERED.