**L.B. Cleveland, Inc. v.**
**Metal Purchasing Co.**
**Case No. 58163**
**Cuyahoga County, (8th)**
**Decided February 15, 1990**
[Cite as 1 AOA 310]

*For Plaintiff-Appellant, Donald N. Jaffe, Esq., Persky, Shapiro, Zamore, Salim, Arnoff & Nolfi Co., L.P.A., 1410 Terminal Tower, Cleveland, Ohio 44113.*

*For Defendant-Appellee, James F. Russell, Esq., Sanders, Sanders & Russel, 13322 Lorain Avenue, Cleveland, Ohio 44111.*

*PER CURIAM*

We reverse the trial court's order quashing service and dismissing, for want of personal jurisdiction, the plaintiff's contract claim against the defendant.

The plaintiff seeks to recover contract damages for defective steel coil purchased from the defendant in 1987. The pleadings and affidavits filed in support and in opposition to the defendant's motions to quash service and to dismiss establish the following relevant facts: (1) the plaintiff is an Ohio corporation which operates a metal processing plant in Ohio; (2) the defendant is a New York corporation with no offices, salespersons, or facilities in Ohio; and (3) the only apparent contact that the defendant has had with Ohio is that during 1986 and 1987 the defendant engaged in twenty-six separate sales of steel coil, valued at $222,606.70, to the plaintiff. Neither party established through proper averment the place where the parties executed these contracts.

Civ. R. 4.3(A) states the terms upon which service to out of state parties is permitted and is substantially equivalent to Ohio's long-arm statute, R.C. 2307.382. *Reliance Electric Co.* v. *Kock's Crane and Marine Co.* (June 27, 1985), Cuyahoga App. No. 48721, unreported; Staff Note, Civ. R. 4.3. However, Civ. R. 4.3(A) supersedes Ohio's long-arm statute. *Giachetti* v. *Holmes* (1984), 14 Ohio App. 3d 306, 308, n.1; *Speck* v. *Mutual Service Life Ins. Co.* (Dec. 21, 1989), Cuyahoga App. No. 57700, unreported ; cf. Staff Note, Civ. R. 4.3; see, also, Section 5, Article IV, Ohio Constitution.

A plaintiff has the burden of establishing that the trial court has personal jurisdiction

over a defendant once the defendant timely challenges the court's jurisdiction. *Giachetti* v. *Holmes, supra,* at 307. Where the trial court determines jurisdiction without an evidentiary hearing, as in this case, the trial court must (1) view the allegations in the pleadings and the documentary evidence in the light most favorable to the plaintiff, and (2) resolve all reasonable competing inferences in favor of the plaintiff. *Id.* In such cases, the plaintiff need only make a prima facie showing of personal jurisdiction in order to defeat a motion to dismiss. *Id.*

In this case, the plaintiff has established "long-arm" jurisdiction pursuant to Civ. R. 4.3(A) (1) which provides for service upon a defendant who, through "transacting any business" in Ohio, has caused the event upon which the plaintiff bases his claim for relief. See, also, R.C. 2307.382(A) (1). A defendant transacts business in this state when "obligations created by the defendant or business operations set in motion by the defendant have a realistic impact on the commerce of [this] state". *Southern Machine Co.* v. *Mohasco Industries, Inc.* (C.A.6, 1968), 401 F.2d 374, 382; *Reliance Elec. Co.* v. *Luecke* (S.D. Ohio 1987), 695 F.Supp. 917, 919. A single act by a defendant may constitute the basis for exercising jurisdiction under Civ. R. 4.3(A) (1). Cf. *Reliance Elec. Co.* v. *Luecke, supra.*

In this case we conclude that the defendant's twenty-six sales of $223,000 worth of steel coil to the plaintiff over the course of two years realistically impacted the commerce of this state. Accordingly, the lower court could properly exercise personal jurisdiction over the defendant under Civ. R. 4.3(A) (1). See *Kohl* v. *United Fashions, Inc.* (Mar. 16, 1989), Cuyahoga App. No. 56012, unreported (out-of-state defendant transacted business in Ohio where defendant shipped $400,000 worth of merchandise into state); compare *United States Fire Ins. Co.* v. *Butler-Sparks Mach. Co.* (Sept 20, 1984), Cuyahoga App. No. 47832, unreported (defendant's sale of single piece of equipment to Ohio buyer does not permit exercise of personal jurisdiction).

Further, we can infer from the defendant's conduct that the defendant availed itself of the benefits of this state and could reasonably foresee litigation in this state as a result of its activity. Accordingly, exercise of personal jurisdiction in this case would not offend due process concerns of fairness. See *Kleinfeld* v. *Link* (1983), 9 Ohio App. 3d 29, 30-31.

The defendant claims that the plaintiff failed to plead sufficient facts in its complaint to support a reasonable inference that the defendant could be subjected to this state's jurisdiction. The defendant argues that this fact alone warrants the trial court's order of dismissal. See *Baltimore and Ohio R.R. Co.* v. *Mobile Tank Car Servs.* (N.D. Ohio 1987), 673 F.Supp. 1436, 1439 (plaintiff bears initial burden of pleading jurisdiction).

We first note that the plaintiff here stated in its complaint that the defendant engaged in "numerous" sales of steel coil to the plaintiff. Under the current liberal rules of pleading, this minimal allegation may well suffice to establish a presumption of jurisdiction. Cf. Civ. R. 8(F) (pleadings to be construed to do substantial justice); *Baltimore and Ohio R.R. Co.* v. *Mobile Tank Car Servs., supra,* at 1439. Moreover, this court has previously recognized that a plaintiff's failure to sufficiently plead jurisdiction, rather than resulting in automatic dismissal, merely shifts the burden to establish jurisdiction to the plaintiff when the defendant moves for dismissal. *Reliance Elec. Co.* v. *Kock's Crane and Marine Co., supra.*

Accordingly, we reverse the trial court's order quashing service and dismissing the plaintiff's complaint and remand the cause for further proceedings.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.

JOHN T. PATTON, CHIEF JUSTICE
DAVID T. MATIA, JUDGE
JOHN F. CORRIGAN, JUDGE