**CHRYSLER MOTORS CORPORATION, Plaintiff,**

v.

**David DICKERMAN, Norman D. Katz, Warren Katz and Edith Katz, Jointly and Severally, Defendants.**

**No. 88–CV–73730–DT.**

United States District Court, E.D. Michigan, S.D.

Oct. 11, 1990.

William McCandless, Detroit, Mich., for plaintiff.

---

Donald S. Rose, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This matter is before the Court on Defendants Norman Katz, Warren Katz and Edith Katz' motion to dismiss for lack of personal jurisdiction. All Defendants are residents of Miami, Florida. Defendants Norman Katz and Warren Katz are the President and General Manager, respectively, of Auto Supply Company (Auto Supply). Defendant Edith Katz is the wife of Warren Katz. Plaintiff Chrysler Motors Corporation (Chrysler) is a Michigan corporation.

Plaintiff and the Katz' company had engaged in a course of dealings for a substantial period of time, prior to this dispute. Automotive Supply bought auto parts from Chrysler and shipped these parts worldwide. Plaintiff shipped some parts from Florida and some from Michigan. Defendants mailed checks to Chrysler in Michigan, and invoices and other correspondence were channeled through Chrysler's Michigan offices. Chrysler required Automotive Supply to furnish continuing personal guaranties in order to induce it to extend credit to Automotive Supply, and Defendants became guarantors of the firm's indebtedness.

In time, Automotive Supply became indebted to Chrysler in an amount in excess of $34,000.00 and Chrysler looked to the various guarantors for payment in accordance with their commitments when Automotive Supply was unable to satisfy its debts. Plaintiff ultimately commenced this action, invoking the personal jurisdiction of this Court which Defendants now challenge.

In *First National Bank of Louisville v. J.W. Brewer Tire Company*, 680 F.2d 1123 (6th Cir.1982), a resident corporate seller sued a nonresident corporate buyer to collect on an unpaid debt. The issue in this case was what minimum contacts are required to allow a state to exert personal jurisdiction over a nonresident corporate buyer.

The Court stated that the burden of proving jurisdiction, once challenged, is on the plaintiff. The Court in *First National* set forth a three-part test for determining the outer limits of personal jurisdiction based upon a single act. The criteria utilized were (1) purposeful availment of the forum; (2) the cause arises from defendants activities in the forum state; and (3) the acts of defendants have a substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable. *Id.* at 1126, citing *In-Flight Devices Corporation v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir.1972).

Our circuit then found that the first two criteria are met when a dispute arises from a substantial business contract with a corporation based in the forum state. *Id.* at 1126. In the present case each of the Defendants executed continuing guaranties to Chrysler, a Michigan corporation, for the obligations of Automotive Supply which had substantial and continuing business with Chrysler. By assuming liability for the obligations, Defendants purposely interjected themselves into the Michigan transactions by entering into a "substantial business contract" with Chrysler. Accordingly, Plaintiff has met the first two criteria of the three-part test.

The third criterion looks to the extent of the forum state's interest and whether exertion of jurisdiction over the particular defendant is fair. The *First National* Court reasoned that:

"[w]hen the first two elements are met an inference arises that the third, fairness, is also present; only the unusual case will not meet this third criterion." *Id.* at 1126.

Among other considerations, fairness is judged by whether the buyer (1) is an "active" or "passive" one, (2) could foresee a foreign suit, and (3) has physical contacts with the forum state. *Id.* at 1126. The Court found the buyer active because of a series of sales transactions over several

512

years which led to various adjustments of the parties' purchase orders.

Applying these considerations to the instant case reveals that Defendants were active buyers. The parties have had a business relationship since 1978. In addition, Defendants have purchased over a long period, parts from Chrysler Corporation. In fact, Plaintiff sent several shipments directly from Michigan.

Furthermore, Defendants bought goods from a corporation located in Michigan. As such Defendants could foresee a suit in Michigan especially since the contracts state that they are to be interpreted and construed according to Michigan Law.

Finally, the Court in *First National* stated that the defendant had physical contacts with the forum state because

> "[t]elephone calls, purchase orders, invoices, bills of lading and other documents and transactions involving the companies' dealings are in Kentucky and provide physical contacts with that state." *Id.* at 1126.

These same documents exist in Michigan in the present case. Therefore, this Court finds that Plaintiff has satisfied the three part test and established a prima facie case of jurisdiction.

ACCORDINGLY, IT IS ORDERED that Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS SO ORDERED.