Leo J. POWERS, Appellant,

v.

IOWA HARVESTORE SYSTEMS, INC.,
et al., Appellees.

No. 55368.

Supreme Court of Iowa.

Feb. 21, 1973.

Mullin, Mullin, McLaughlin & Harvey, Creston, and Williams & Hart, Des Moines, for appellant.

Putnam, Putnam & Putnam, Des Moines, for appellees Advanced Feeding Systems, Inc., and Harper & Sauder, Inc.

Heard by MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

REES, Justice.

This is an appeal from an order of trial court sustaining special appearances by two nonresident corporate defendants, service upon whom was purported to have been made under section 617.3, The Code, 1971, which is commonly known as the "Iowa Long Arm Statute". The principal place of business of both appellees-defendants is, or was, Eureka, Illinois.

The action was commenced at law by plaintiff against eight defendants, two individual defendants and six corporate defendants. The action was for damages plaintiff claimed to have sustained when he came in contact with an impeller or other moving parts of a feeding-system machine which plaintiff claims was sold and installed by defendants. No attack was apparently made upon the jurisdiction obtained by plaintiff of the other six defendants.

The record indicates defendant Advanced Feeding Systems, Inc. was dissolved on June 11, 1970, and defendant Harper & Sauder, Inc. was dissolved on October 28, 1970.

The Iowa long arm statute, section 617.3, The Code, 1971, provides in pertinent part:

"Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state, to-

gether with a fee of five dollars, and (2) by mailing to the defendant and to each of them if more than one, by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed within ten days after such filing with the secretary of state. Such notification shall be mailed to each such foreign corporation at the address of its principal office in the state or country under the laws of which it is incorporated and to each such nonresident person at his address in the state of his residence. The defendant shall have sixty (60) days from the date of such filing with the secretary of state within which to appear. Proof of service shall be made by filing in court the duplicate copy of the process or original notice with the secretary of state's certificate of filing, and the affidavit of the plaintiff or his attorney of compliance herewith."

The portions of the cited section not set out above are not material to the questions presented by this appeal.

It is the contention of plaintiff that trial court erred in sustaining the special appearances of defendants Advanced Feeding Systems, Inc. and Harper & Sauder, Inc., and in finding that plaintiff had failed to substantially comply with section 617.3, The Code, 1971, by mailing notice to the secretary of state of Illinois instead of to the address of the principal office of the two defendants in the state of Illinois, the state under the laws of which both appellees-defendants had been incorporated.

In an attempt to comply with the provisions of section 617.3, The Code, 1971, plaintiff's counsel filed with the secretary of state of Iowa original notices directed to both Advanced and Harper, the appellees here. The original notice bearing the filing stamp of the secretary of state of Iowa was filed with the clerk of the district court of Union County, together with the certificate of the secretary of state and the receipt for the required fee. No mailing of notification to Advanced or Harper

was made to such defendants at their principal offices in the state of Illinois. Instead, a notice was mailed by counsel for plaintiff to "Harper & Sauder, Inc., c/o Secretary of State, State of Illinois, Springfield, Illinois 62700", and a second and separate notice was mailed to "Advanced Feeding Systems, Inc., c/o Secretary of State, State of Illinois, Springfield, Illinois 62700". It is plaintiff's contention the dissolution of the two corporate defendants in Illinois justified service upon them by serving the Illinois secretary of state as above detailed. The record discloses the secretary of state of Illinois mailed the original notices to the defendants at their business addresses in Eureka, Illinois. The mailings from the office of the secretary of state of Illinois were delivered; the letter addressed to Advanced Feedings Systems, Inc., having been delivered to the A. O. Smith Harvestore Products, Inc. in Eureka, Illinois, and the letter to Harper & Sauder, Inc. was delivered to the office of Central Illinois Harvestore Company, Inc., in Eureka, Illinois. Thereafter, the special appearances of defendants, Advanced Feeding and Harper & Sauder, were filed and sustained by the court on the basis that the procedure for securing service was not in strict compliance with the provisions of section 617.3, The Code, 1971. We conclude trial court was right, and affirm.

I. Plaintiff contends trial court was in error in failing to find that the procedure adopted by it in filing a notice with the Iowa secretary of state and attempting to complete service by sending notices directed to the nonresident corporate defendants in care of the secretary of state of Illinois, is in substantial compliance with the statute. Substantial compliance is not sufficient to vest the court with jurisdiction over the defendants-appellees here.

■ Section 617.3, The Code, 1971, set up an extraordinary method of securing jurisdiction over nonresidents of this state. We have held repeatedly the nonresident is subject to such process only upon clear and complete compliance with the procedure es-

625

tablished by such statutes. Boyer v. Broadwater, 168 N.W.2d 799, 800 (Iowa 1969); Esterdahl v. Wilson, 252 Iowa 1199, 1203, 110 N.W.2d 241, 243; Jermaine v. Graf, 225 Iowa 1063, 1066, 283 N.W. 428, 430; Johnson v. Brooks, 254 Iowa 278, 282, 117 N.W.2d 457, 460; Fagan v. Fletcher, 257 Iowa 449, 451, 133 N.W.2d 116, 117, and citations; Matney v. Currier, 203 N.W.2d 589 (Iowa 1973).

II. Counsel for plaintiff was faced with the problem of securing jurisdiction not only over nonresident corporate defendants, but over nonresident corporate defendants whose corporate lives had come to an end, as both nonresident defendants-corporations (the appellees here) had dissolved. The procedure followed by plaintiff to effect notice upon, and secure jurisdiction over, the appellees-defendants was not known to or prescribed by the long arm statute. We conclude trial court, in determining that the procedure pursued by plaintiff did not strictly comply with the letter of the long arm statute, was correct in holding as it did.

We therefore affirm.

Affirmed.