## OMAHA COLD STORAGE TERMINALS, Plaintiff–Appellant,

v.

## Larry L. CUNNINGHAM, Defendant–Appellee.

### No. 87–59.

Court of Appeals of Iowa.

Oct. 28, 1987.

Edmund J. Sease and Patricia S. Garms of Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, for plaintiff-appellant.

E. Robert Newman and Truman Clare of Marks & Clare, Omaha, Neb., for defendant-appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

PER CURIAM.

■ Appellant, Omaha Cold Storage, Inc., initiated the present equitable action on October 10, 1986, seeking declaratory, injunctive, and punitive relief in connection with a dispute over the ownership of certain patents. Appellee, Larry L. Cunningham, a former employee of Omaha Cold Storage, subsequently filed a special appearance in order to challenge the district court's *in personam* jurisdiction over him. The district court, following a December 8, 1986, hearing, sustained the special appearance. This appeal followed. On review, we accept the allegations of the petition as true. *Berkley Int'l Co., Ltd. v. Devine*, 289 N.W.2d 600, 602 (Iowa 1980) (citing *Rath Packing Co. v. Intercontinental Meat Traders, Inc.*, 181 N.W.2d 184, 185 (Iowa 1970)). Plaintiff has the burden to sustain the requisite jurisdiction, but when a prima facie case is established, defendant has the burden to produce evidence to rebut or overcome it. *Larsen v. Scholl*, 296 N.W.2d 785, 787 (Iowa 1980). While this is a special proceeding and the trial court's findings accordingly have the force and effect of a jury verdict, we are not bound by that court's conclusions of law or by its application of legal principles. *Id.*

The relevant analytic framework was set forth in *Larsen*, 296 N.W.2d at 787–88, as follows:

> In appeals of this kind the legal analysis ordinarily involves a two-step examination of (1) whether a statute or rule exists authorizing exercise of jurisdiction and (2) whether such exercise of jurisdiction would offend the due process principles embodied in the United States Constitution.
>
> In the second-step due process inquiry we examine whether the assertion of in personam jurisdiction over the nonresident defendant satisfies the requirement of fair play and substantial justice.
>
> The "minimum contacts" test ... is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present. We recognize that this determination is one in which few answers will be written "in black and white. The greys are dominant and even among them the shades are innumerable."
>
> We apply the above standard in light of five factors ..., the first three being most important:
>
> (1) the quantity of the contacts;
> (2) the nature and quality of the contacts;
> (3) the source and connection of the cause of action with those contacts;
> (4) the interest of the forum state; and
> (5) the convenience of the parties.

(citations omitted).

■ The district court evaluated Cunningham's special appearance under princi-

ples derived from the application of Iowa's "long-arm" statute. *See* Iowa Code § 617.3 (1985). That statute, however, has been expanded by Iowa Rule of Civil Procedure 56.2. That rule in pertinent part, provides that

> [e]very ... individual, ... that shall have the necessary minimum contact with the state of Iowa shall be subject to the jurisdiction of the courts of this state, and the courts of this state shall hold such ... individual, ... amenable to suit in Iowa in every case not contrary to the provisions of the constitution of the United States.
>
> Service may be made on any such ... individual, ... (a) as provided in R.C.P. 56.1 within or without the state, or (b) if such service cannot be so made, in any manner consistent with due process of law prescribed by order of the court in which the action is brought.

Jurisdiction under this rule is coextensive with "the widest due process parameters of the federal constitution." *Bankers Leasing v. Eagle Valley Environ., Inc.*, 387 N.W.2d 380, 382 (Iowa App.1986) (quoting *Al–Jon, Inc. v. Garden Street Iron & Metal, Inc.*, 301 N.W.2d 709, 711 (Iowa 1981)); *Larsen*, 296 N.W.2d at 788. Accordingly, the sole issue is whether in this case personal jurisdiction over the nonresident defendant is consistent with due process. *Bankers Leasing*, 387 N.W.2d at 382 (quoting *Al–Jon, Inc.*, 301 N.W.2d at 711). We think that it is.

Omaha Cold Storage's petition includes the following allegations which, for purposes of our review, we accept as true. *Larsen*, 296 N.W.2d at 787. Cunningham served as manager of Omaha Cold Storage's Fort Dodge, Iowa, plant from August 8, 1984, until his resignation on or about May 31, 1985. Cunningham built a device, the patent rights to which serve as the basis of the present action, during his working hours at the Fort Dodge plant. Pursuant to an oral employment contract between the parties, the design, development, and construction of the device was within the scope of Cunningham's assigned job duties. Cunningham has communicated with Omaha Cold Storage's present, past, and prospective Iowa customers, soliciting sales of the product. The record discloses that the original patent application contains Cunningham's oath that he, at the time, was a "resident of the State of Iowa, with a post office address of Rural Route 2, Fort Dodge, Iowa 50501." On this record, we cannot say that maintaining this action in Iowa would offend traditional notions of fair play and substantial justice. *See International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.2d 95, 102 (1945).

Neither are we persuaded to affirm the dismissal of this action on a *forum non conveniens* theory. Such a theory was never raised as an alternative in the district court. It is a basic rule of appellate practice that questions not presented to and not passed on by the trial court cannot be raised or reviewed on appeal. *Shill v. Careage Corp.*, 353 N.W.2d 416, 420 (Iowa 1984).

The district court's order sustaining Cunningham's special appearance is reversed; this case is remanded to the district court for further proceedings in conformance with this opinion.

REVERSED AND REMANDED.

SNELL, J., takes no part.