**ROBERT HALF OF IOWA, INC., Appellant,**

v.

**CITIZENS BANK OF NEWBURG, Appellee.**

No. 89–1105.

Court of Appeals of Iowa.

Jan. 25, 1990.

D. Brian Scieszinski of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellant.

R. Todd Gaffney of Duncan, Jones, Riley & Finley, Des Moines, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Plaintiff, Robert Half of Iowa, Inc., is an Iowa corporation with its principal place of business in Des Moines. It operates an employment agency. The defendant is a Missouri bank organized under the laws of Missouri.

Plaintiff advertised in a banking newsletter that one of its clients was seeking to make an employment move in the banking business. An officer of the defendant bank saw this ad and responded by telephoning Robert Half's Des Moines office. As a result of this phone call, Robert Half's client traveled to Missouri for an interview with the defendant bank. The client was hired by the defendant and began work in Missouri.

Subsequently a dispute arose concerning the fee which the defendant bank allegedly owed Robert Half. Robert Half filed this lawsuit against the bank to recover the fee allegedly due. The bank filed a motion to dismiss for want of personal jurisdiction; the bank asserted it had insufficient minimum contacts with the state of Iowa to confer jurisdiction on the Iowa court. Both parties submitted affidavits regarding the motion to dismiss. The motion came on for hearing before the Honorable Judge Raymond Hanrahan. No other evidence besides the parties' affidavits was presented at this hearing, and no transcript was made of counsels' arguments. The district court granted the defendant's motion and dismissed the suit.

■ Plaintiff has appealed from the district court's ruling. It contends even if the bank had no other contacts with Iowa, its telephone conversation with Robert Half's Des Moines office concerning the matter involved here, and its alleged agreement during the phone call to pay Robert Half's fee, were sufficient to give the Iowa court personal jurisdiction over the bank for the purpose of this lawsuit.

■ In resolving jurisdictional questions regarding nonresidents, the courts are to employ a two-prong test: first, does a statute authorize assumption of jurisdiction of the defendant, and second, would assumption of jurisdiction offend constitutional due process of law? *Martin v. Ju-Li Corp.*, 332 N.W.2d 871, 874 (Iowa 1983). Section 617.3 of the Code of Iowa authorizes personal jurisdiction over a nonresident defendant who has entered into a contract "to be performed in whole or in part by either party in Iowa...." Defendant's motion to dismiss did not challenge jurisdiction based upon our long arm statute, and we will not consider any claim to this effect on appeal.

Defendant's motion to dismiss did challenge whether sufficient minimum contacts existed to satisfy the due process requirements of our federal constitution. The

principles to be used in a due process analysis are well established.

[W]e examine whether the assertion of in personam jurisdiction over the nonresident defendant satisfies the requirement of fair play and substantial justice.

The "minimum contacts" test ... is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present. We recognize that this determination is one in which few answers will be written "in black and white. The greys are dominant and even among them the shades are innumerable."

We apply the above standard in light of five factors ..., the first three being most important:

(1) the quantity of the contacts;

(2) the nature and quality of the contacts;

(3) the source and connection of the cause of action with those contacts;

(4) the interest of the forum state; and

(5) the convenience of the parties.

*Omaha Cold Storage Terminals v. Cunningham*, 417 N.W.2d 254, 255 (Iowa App. 1987), *quoting Larsen v. Scholl*, 296 N.W.2d 785, 788 (Iowa 1980).

▇▇▇ The due process clause of the fourteenth amendment operates to limit the power of a state to assert in personam jurisdiction over a nonresident defendant. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 413–14, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404, 410 (1984). It protects an individual's liberty interest in not being subject to the binding judgment of a forum with which he or she has no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528, 540 (1985). The "constitutional touchstone" in determining jurisdiction is whether a defendant has purposefully established minimum contacts in a forum state, and the defendant's conduct and connection with a forum state are such that it should reasonably anticipate being haled into court there. *Id.* at 474, 105 S.Ct. at 2183, 85 L.Ed.2d at 542 (1985).

▇▇▇ The unilateral activity of one who claims some relationship with a nonresident defendant cannot satisfy the requirement of contact with a forum state. "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.* at 474–75, 105 S.Ct. at 2183, 85 L.Ed.2d at 542, *quoting Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283, 1298 (1958). This "purposeful availment" requirement ensures a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Id.* at 475, 105 S.Ct. at 2183, 85 L.Ed.2d at 542.

▇▇▇ In reviewing a district court's ruling on a challenge to its in personam jurisdiction, we accept the allegations of the petition as true. *Omaha Cold Storage Terminals*, 417 N.W.2d at 255. Plaintiff has the burden to sustain the requisite jurisdiction, but when a prima facie case is established, defendant has the burden to produce evidence to rebut or overcome it. *Id.* A distinction needs to be made between allegations of a petition which go to the merits of a claim and other allegations of a petition. The latter may be contradicted by affidavits, testimony and other evidence; the former are taken as true for special appearance purposes. *Martin*, 332 N.W.2d at 873. Although special appearances in Iowa have been replaced by answers and preanswer motions, Iowa R.Civ.P. 66, we assume the same principles apply with respect to the treatment of allegations in the petition.

▇▇▇ Plaintiff alleged it had a contract with defendant to conduct a search for a person to fill a position in defendant's bank.[1] A plaintiff's contract with an out-

---

**1.** Plaintiff correctly notes the district court erred in not accepting its allegation of the existence of a contract as true. However, even if the

district court had correctly recognized the allegation as true, insufficient minimum contacts

of-state party cannot alone automatically establish sufficient minimum contacts in the plaintiff's home forum. *Burger King*, 471 U.S. at 478, 105 S.Ct. at 2185, 85 L.Ed.2d at 544–45; *Tung v. American Univ. of the Caribbean*, 353 N.W.2d 869, 871 (Iowa App.1984).

Defendant's affidavit claimed plaintiff placed an advertisement in a bank news magazine stating it had a client who wished to make an employment move in the banking business. Defendant called plaintiff and asked plaintiff to arrange an interview by which defendant could meet plaintiff's client, Steve Metge, at the bank in Missouri. Defendant's affidavit claims it then called plaintiff to express its interest in hiring Mr. Metge and to inquire about fee arrangements.

■ In ruling on a jurisdiction issue, the trial court findings of fact have the force of a jury verdict. *Tung*, 353 N.W.2d at 870. It is implicit from the district court's ruling that it found defendant's description of the jurisdictional facts in this case to have been the more accurate version of events. Plaintiff placed an ad in a banking newsletter advertising the availability of *one* of its clients for banking employment. Plaintiff's ad was intended to solicit business, and defendant responded with a phone call to plaintiff's business in Iowa.

■ In general, an Iowa seller of goods to a foreign buyer cannot ordinarily subject the buyer to suit in Iowa courts. *Davenport Machine & Foundry v. Adolph Coors Co.*, 314 N.W.2d 432, 433 (Iowa 1981). Our courts have recognized a distinction between "active" and "passive" purchasers. *Al–Jon, Inc. v. Garden Street Iron & Metal*, 301 N.W.2d 709, 714. An active purchaser aggressively solicits a business transaction and participates in some way in production of the subject goods. A passive purchaser simply places

an order and awaits delivery of the goods. *Id.*

The situation in this case is more analogous to that of a passive purchaser.[2] Plaintiff had a specific client for whom it sought employment. It solicited potential employers by placing an ad in a banking newsletter. Defendant responded and did nothing more than ask to meet the client described in plaintiff's ad. Even if defendant contracted to pay plaintiff a placement fee, we cannot find defendant's conduct in this case was such that it could be said to have created a "substantial connection" with the forum state. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 109, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92, 102 (1987).

Plaintiff's reliance on *Burger King Corp.* is misplaced. That case involved a contract which was to endure for twenty years. It specifically envisioned continuing and wide-reaching contacts between the defendant and forum state. *Burger King Corp.*, 471 U.S. at 480, 105 S.Ct. at 2186, 85 L.Ed.2d at 545. We also note this case is not a situation in which the defendant engaged in "continuous and systematic activities" within Iowa and thus could be subjected to jurisdiction on contract actions unrelated to those activities. *Davenport Machine & Foundry*, 314 N.W.2d at 435.

The district court's decision is affirmed.

AFFIRMED.

SACKETT, J., concurs.

OXBERGER, C.J., dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent. I would find the Iowa courts have jurisdiction. Rule 56.2 of the Iowa Rules of Civil Procedure is to be interpreted to reach the widest due process parameters of the federal constitution. *Hager v. Doubletree*, 440 N.W.2d 603, 605 (Iowa 1989).

would have existed to satisfy constitutional due process requirements in this case.

**2.** This court has recognized the "active/passive" purchaser analysis may not apply in an employment context, *Tung*, 353 N.W.2d at 871, and similarly it may not squarely apply to contracts

which involve the provision of services as opposed to goods. However, the facts in this case are such that regardless of the analysis used, minimum contacts simply do not exist to sustain jurisdiction by the district court.

The test under *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1940) is "minimum contacts."

The contract in this case is an employment placement contract. It is not an employment contract. The sole purpose of the contract at bar is for the Iowa corporation to place the Missouri employer in contact with the prospective employee who was a client of the Iowa corporation. The defendant contacted the Iowa company by phone at its Iowa address.

I would hold the minimum contact requirement was met in this case and that the Iowa court has jurisdiction to hear this dispute.