**SCHUMACHER ELEVATOR CO., INC., Respondent,**

v.

**SPRINGFIELD ELEVATOR CO., INC., Appellant.**

No. 16923.

Missouri Court of Appeals, Southern District, Division One.

Feb. 13, 1991.

Steven E. Marsh, Hulston, Jones & Associates, Springfield, for appellant.

Patricia J. Shilling, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for respondent.

CROW, Judge.

Defendant Springfield Elevator Co., Inc. appeals from an order of the Circuit Court of Greene County, Missouri ("the Missouri court"), denying defendant's motion to set aside the "registration" of a judgment of the Iowa District Court for Bremer County ("the Iowa court") awarding plaintiff Schumacher Elevator Co., Inc. $118,055.48 plus interest against defendant.

Defendant maintains the Iowa judgment is void and ineligible for full faith and credit in Missouri in that (a) defendant never received notice of the Iowa lawsuit, (b) the record of the Iowa court fails to demonstrate defendant was properly served with process or received the required notice of the Iowa suit, and (c) there were no allegations in plaintiff's pleadings in the Iowa court showing such court had "long arm" jurisdiction over defendant.

Plaintiff's petition was filed in the Iowa court June 6, 1989. It alleges plaintiff is an Iowa corporation whose principal place of business is in Bremer County, Iowa, and defendant "is a foreign corporation, whose address is 1213 N. Campbell, Springfield, Missouri 65802." The petition further alleges (1) in March, 1986, defendant orally agreed to purchase from plaintiff, and plaintiff orally agreed to manufacture and deliver to defendant, four "traction passenger elevators," (2) plaintiff manufactured said articles at its Bremer County, Iowa, facility, (3) said articles were delivered to defendant's "job site in Springfield, Missouri," at defendant's direction, (4) plaintiff performed all conditions of the contract on its part, and (5) defendant failed to complete payment of "the initial purchase price and finance charge."

Iowa Code § 617.3 (1989), states:
" ....

If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa ... such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, and, if the corporation does not have a registered agent ... in the state of Iowa, shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract. ... The making of the contract ... shall be deemed to be the agreement of such corporation ... that any process or original notice so served shall be of the same legal force and effect as if served personally upon such defendant within the state of Iowa. The term 'resident of Iowa' shall include any Iowa corporation. ...

Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state, together with a fee of ten dollars, and (2) by mailing to the defendant ... by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed within ten days after such filing with the secretary of state. Such notification shall be mailed to each foreign corporation at the address of its principal office in the state ... under the laws of which it is incorporated. ... The defendant shall have sixty days from the date of such filing with the secretary of state within which to appear. Proof of service shall be made by filing in court the duplicate copy of the process or original notice with the secretary of state's certificate of filing, and the affidavit of the plaintiff or the plaintiff's attorney of compliance herewith.

The secretary of state shall keep a record of all processes or original notices so served upon the secretary of state, recording therein the time of service and the secretary of state's actions with reference thereto, and the secretary of state shall promptly return one of said dupli-

cate copies to the plaintiff or the plaintiff's attorney, with a certificate showing the time of filing thereof in the secretary of state's office.

The original notice of suit filed with the secretary of state shall be in form and substance the same as provided in R.C.P. 381, form 3, Ia.Ct. Rules, 2nd ed.

The notification of filing shall be in substantially the following form, to wit:

To _____ (Here insert the name of each defendant with proper address.) You will take notice that an original notice of suit or process against you, a copy of which is hereto attached, was duly served upon you at Des Moines, Iowa by filing a copy of said notice or process on the __ day of _____, 19__ with the secretary of state of the state of Iowa.

Dated at _____, Iowa, this __ day of _____, 19__.

_____

Plaintiff

By

_____

Attorney for Plaintiff

Actions against foreign corporations ... as contemplated by this law may be brought in the county of which plaintiff is a resident, or in the county in which any part of the contract is or was to be performed...."

The case record in the Iowa court shows that on June 23, 1989, two documents were filed: an "Affidavit of Compliance" and a "Notification of Filing."

The Affidavit of Compliance reads, in pertinent part:

"....

2. That duplicate copies of [plaintiff's] petition and original notices directed to the defendant were filed with the Secretary of State, on the 20th day of June, 1989, together with a filing fee of $10.00.

3. That notification of said filing with the Secretary of State was mailed to the defendant by certified mail within ten

(10) days after the filing of same with the Secretary of State's office.

4. That a copy of said Petition and Original Notice together with the Secretary of State's certificate of filing is attached hereto and by this reference made a part hereof.

. . . .

Dated at Denver, Iowa, this 23rd day of June, 1989."

The affidavit is subscribed by plaintiff's attorney of record in the Iowa suit. Contrary to the averment of paragraph 4 in the affidavit, no copy of (1) the petition, (2) an original notice of suit, or (3) a Secretary of State's certificate of filing is attached to the affidavit.[1]

The Notification of Filing (the other document filed in the Iowa court June 23, 1989) follows the form set forth in § 617.3 (quoted earlier) except (1) it does not state any address for defendant, and (2) no copy of an original notice of suit is attached to it.

The next activity of record in the Iowa court occurred September 18, 1989. On that date plaintiff filed an affidavit that defendant is a foreign corporation, is not a member of the military forces of the United States, is under no legal disability, and is not a prisoner in a penal institution. The affidavit confirmed the balance due plaintiff from defendant was $118,055.48.

Plaintiff appeared that date (September 18, 1989) by its attorney of record. The Iowa court found, among other things, that the record showed defendant "has been duly and legally served with proper original notice, as shown by proofs on file, and is within the jurisdiction of the court." The court further found the time for all appearances had passed and defendant had not appeared. The court thereupon entered default judgment in favor of plaintiff and against defendant, awarding plaintiff the amount sought.

1. The legal file in this appeal, Rule 81.12(a), Missouri Rules of Civil Procedure (1990), contains copies of documents from the files of the Iowa court and the Missouri court. As we read plaintiff's brief, the legal file is complete, that is, it contains a copy of all documents filed in the Iowa court pertinent to the issues in this appeal.

On December 21, 1989, plaintiff filed in the Missouri court an authenticated copy of the Iowa judgment. It was accompanied by copies of sundry documents from the file of the Iowa court including a certificate of the Secretary of State of Iowa. That document certified the "attached" original notice and petition in the Iowa suit were received and filed by the Secretary of State June 20, 1989. The certificate bore a notation that it was filed in the Iowa court December 11, 1989. Contrary to the recital in the certificate, no copy of (1) plaintiff's petition or (2) an original notice of suit was attached to the certificate.

Appended to the documents from the Iowa court was a written request on behalf of plaintiff signed by a Missouri lawyer praying that the Iowa judgment be "registered" in the Missouri court and treated as a judgment of that court per Rule 74.-14.[2]

On January 3, 1990, defendant filed a motion in the Missouri court praying that the judgment be set aside. The motion raised several challenges to the judgment, including those now asserted in this appeal.

On April 3, 1990, plaintiff and defendant appeared in the Missouri court by their respective lawyers. No evidence was presented by either party on defendant's motion. The Missouri court entered an order denying it. This appeal followed.

Missouri must give a judgment of a sister state full faith and credit unless there was (1) lack of jurisdiction over the subject matter, (2) failure to give due notice to the defendant, or (3) fraud in the concoction or procurement of the judgment. *In re Veach*, 365 Mo. 776, 287 S.W.2d 753, 758–59[8] (banc 1956); *Martin v. Adams*, 718 S.W.2d 168, 169[1] (Mo.App.1986); *Federal Deposit Insurance Corp. v. K.J.W. Devel-*

*opment Co.*, 687 S.W.2d 224, 227[3] (Mo. App.1984); *Metropolitan Lumber Co. v. Dodge*, 567 S.W.2d 729, 731[1] (Mo.App. 1978); *Corning Truck & Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 524[2] (Mo. App.1976).

As reported in the second paragraph of this opinion, one of defendant's contentions is that the record of the Iowa court fails to demonstrate defendant was properly served with process. Plaintiff responds that it "filed with the Iowa court those documents necessary to show proof of service as set forth in [§] 617.3 of the Iowa Code." Our determination of that issue is governed by Iowa law. *State ex rel. Schimmer v. Wall*, 774 S.W.2d 864, 870 (Mo.App.1989); *In Interest of K.P.B.*, 625 S.W.2d 692, 694–95 (Mo.App.1981).

The construction of a statute by the courts of the state in which it was enacted becomes in effect a part of the statute. *Ramey v. Missouri Pac. R. Co.*, 323 Mo. 662, 21 S.W.2d 873, 877[5] (1929), *cert. denied*, 280 U.S. 614, 50 S.Ct. 162, 74 L.Ed. 655 (1930). We take judicial notice of the public statutes and judicial decisions of a sister state where the pleadings show the law of such state must be applied. §§ 490.-080 and 509.220.2, RSMo 1986; Rule 55.-21(b); *Robinson v. Gaines*, 331 S.W.2d 653, 655 (Mo.1960); *Graham v. Illinois Terminal R. Co.*, 260 S.W.2d 846, 851–52 (Mo. App.1953).

The Supreme Court of Iowa has consistently held that inasmuch as § 617.3 provides an extraordinary method for securing jurisdiction over nonresidents of Iowa, clear and complete compliance with its provisions is required. *Barrett v. Bryant*, 290 N.W.2d 917, 922[13] (Iowa 1980); *Buena Vista Manor v. Century Manufacturing*

---

**2.** Rule references are to Missouri Rules of Civil Procedure (1990) except where otherwise indicated. Rule 74.14 reads:

"**(a) Definition.** In this Rule 74.14 'foreign judgment' means any judgment, decree or order of a court of the United States or of any other court that is entitled to full faith and credit in this state.

**(b) Filing and Status of Foreign Judgments.** A copy of any foreign judgment authenticated in accordance with the act of Con-

gress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner. ...."

*Co.*, 221 N.W.2d 286, 288[1] (Iowa 1974); *Powers v. Iowa Harvestore Systems, Inc.*, 204 N.W.2d 623, 624–25[1] (Iowa 1973).

Defendant lists several reasons the record of the Iowa court allegedly fails to establish defendant was served in compliance with § 617.3.

■ First, says defendant, nowhere does the Iowa court record show postal authorities actually delivered the Notification of Filing to defendant. We agree that no such documentation appears in the record. However, the Supreme Court of Iowa has held § 617.3 does not require proof of receipt or date of delivery of the Notification of Filing to a nonresident defendant. *Buena Vista Manor*, 221 N.W.2d at 288[2]. Applying that holding, we rule defendant's first attack on the sufficiency of proof of service is without merit.

■ Defendant's second attack is that nowhere does the Iowa court record show the Secretary of State of Iowa attempted to notify defendant of the Iowa suit or forwarded the original notice of suit or a copy of plaintiff's petition to defendant. This attack is also meritless. Nothing in § 617.3 imposes any such duties on the Secretary of State of Iowa.

Defendant's next attack, however, does reveal a failure by plaintiff to comply with the proof of service requirements of § 617.3.

It will be recalled that two acts are required for service on a foreign corporation under § 617.3.

First, duplicate copies of an original notice of suit must be filed with the Secretary of State of Iowa.

Second, the plaintiff or the plaintiff's lawyer must send the defendant, by registered or certified mail, a notification of the filing with the Secretary of State. The notification must be mailed within ten days after the filing with the Secretary of State.

Proof of both acts must be made in the manner specified by § 617.3.

We turn our attention for the moment to the first act. Regarding it, § 617.3 says the original notice of suit "shall be in form

and substance the same as provided in" form 3, Rule 381, Iowa Rules of Civil Procedure. The notice provided in form 3 identifies the court in which the action is pending, names the parties, shows the case number, informs the defendant a copy of the petition is attached to the notice, and furnishes the name and address of the plaintiff's lawyer. Additionally, the form provides:

"You are further notified that unless, within 60 days following the filing of this notice with the secretary of state of the State of Iowa, you serve, and within a reasonable time thereafter file, a motion or answer, in the Iowa District Court for _____ County, at the courthouse in _____ Iowa, default will be entered and judgment rendered against you by the court."

The notice is to be signed by the clerk of the Iowa court.

The notice of suit under § 617.3 obviously performs the same function as its counterpart in Missouri: Form 5, Civil Procedure Forms, pp. 382–83, Missouri Rules of Court (1991).

Section 617.3, as we have seen, requires the Secretary of State of Iowa to record the time of service of any such notice upon him, and to promptly return one of the duplicate copies to the plaintiff or the plaintiff's lawyer, with a certificate showing the time of filing thereof in the Secretary of State's office.

Proof that the original notice of suit was served on the Secretary of State is made in the Iowa court by filing the duplicate copy of the original notice of suit accompanied by the Secretary of State's certificate of filing.

In the instant case defendant correctly points out that no certificate of filing by the Secretary of State of Iowa appeared in the file of the Iowa court at the time judgment was entered against defendant (September 18, 1989). The Secretary of State's certificate was not filed in the Iowa court until December 11, 1989.

Whether, because of the absence of the certificate at the time judgment was entered, the Iowa court lacked jurisdiction to

enter judgment against defendant need not be decided. That is because a more serious defect exists in proof of service.

■ As explained above, § 617.3 provides that proof that the original notice of suit was served on the Secretary of State is made by filing the duplicate copy of such notice accompanied by the Secretary of State's certificate of filing. The record of the Iowa court contains no copy of an original notice of suit.

As observed earlier, the Affidavit of Compliance filed by plaintiff's lawyer in the Iowa court avers a copy of the original notice is attached to the affidavit; however, no such notice is attached. Furthermore, although the certificate of the Secretary of State of Iowa filed in the Iowa court December 11, 1989, states the "attached" original notice and petition in the Iowa suit were received and filed by the Secretary of State June 20, 1989, no copy of an original notice of suit—or plaintiff's petition for that matter—is attached to the certificate.

We are thus presented with a record that contains no original notice of suit, i.e., no notice subscribed by the clerk of the Iowa court informing defendant it must, within 60 days following the filing of the notice of suit with the Secretary of State of Iowa, "serve, and within a reasonable time thereafter file, a motion or answer" in the Iowa court, otherwise default would be entered and judgment rendered against defendant.

Our task is to determine whether this deficiency is fatal to the exercise of jurisdiction by the Iowa court over defendant under § 617.3. In deciding that issue we remain mindful of the holdings of the Supreme Court of Iowa cited earlier requiring clear and complete compliance with § 617.3 in order to secure jurisdiction over nonresidents.

We find no Iowa case factually identical to the instant case. The closest one we have discovered is *Powers,* 204 N.W.2d 623. There an Iowa plaintiff attempted to obtain service on two Illinois corporations under § 617.3. At time of suit both corporations had been dissolved. The plaintiff's lawyer properly filed the original notices of suit

with the Secretary of State of Iowa. However, instead of mailing the notification of filing to each corporation at the address of its principal office in Illinois, he mailed the notification for each corporation to the Secretary of State of Illinois. That official mailed the notifications to the corporations at their respective business addresses. Each corporation received the notification directed to it. Each corporation thereafter challenged service by special appearance in the Iowa trial court. Each corporation contended the purported service on it was not in strict compliance with § 617.3. The trial court sustained the special appearances by both corporations. On appeal from that order the Supreme Court of Iowa stated:

"Section 617.3, The Code, 1971, set up an extraordinary method of securing jurisdiction over nonresidents of this state. We have held repeatedly the nonresident is subject to such process only upon clear and complete compliance with the procedure established by such statutes. [Citations omitted.]

Counsel for plaintiff was faced with the problem of securing jurisdiction not only over nonresident corporate defendants, but over nonresident corporate defendants whose corporate lives had come to an end, as both nonresident defendants-corporations (the appellees here) had dissolved. The procedure followed by plaintiff to effect notice upon, and secure jurisdiction over, the appellees-defendants was not known to or prescribed by the long arm statute. We conclude trial court, in determining that the procedure pursued by plaintiff did not strictly comply with the letter of the long arm statute, was correct in holding as it did." *Id.* at 624–25.

Given the consistently strict construction of § 617.3 by the Supreme Court of Iowa, would that Court hold there was clear and complete compliance with § 617.3 in the instant case where the record of the Iowa court contains no original notice of suit to defendant? We believe not. Accordingly, we hold the record of the Iowa court fails to demonstrate defendant was served with process in the manner required by § 617.3.

Consequently, the Iowa court did not acquire jurisdiction over defendant, and the purported judgment of the Iowa court is not entitled to full faith and credit in Missouri.

Our holding is consistent with the strict compliance Missouri requires for the exercise of jurisdiction by its courts over nonresidents. In *In re Marriage of Southard*, 733 S.W.2d 867 (Mo.App.1987), service on a nonresident defendant was attempted per Rule 54.06, Missouri Rules of Civil Procedure (17th ed. 1986). The affidavit of the process server was unaccompanied by the required certificate of a clerk or judge of the court of which the affiant was an officer. Rule 54.20(b)(1). This Court held there was no proof of valid service on the defendant, hence the trial court lacked jurisdiction to enter judgment against him. 733 S.W.2d at 868–69. A similar result was reached in *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607[1, 2] (Mo.App. 1985), a suit in Missouri against two foreign corporations. The Eastern District of this Court held that if the return or proof of service is deficient on its face, the court acquires no jurisdiction over the party allegedly served, and a judgment entered without personal jurisdiction over such party is void.

Our determination that the Iowa court, by reason of failure of proof of clear and complete compliance with § 617.3, lacked jurisdiction to enter judgment against defendant makes it unnecessary to address defendant's contention that the method for service on foreign corporations provided by § 617.3 violates the due process clause of the Fourteenth Amendment to the Constitution of the United States.[3] We note, however, that the Supreme Court of Iowa has held the method for service on foreign corporations provided by § 617.3 meets the due process requirements of the Constitution of the United States. *Tice v. Wilmington Chemical Corp.*, 259 Iowa 27, 141

N.W.2d 616, 623[17] (1966), *opinion supplemented*, 259 Iowa 27, 143 N.W.2d 86.

■ There is a second reason the judgment of the Iowa court is not entitled to full faith and credit in Missouri. We believe the Supreme Court of Iowa would hold that on the facts pled in plaintiff's petition an Iowa court could not exercise jurisdiction over defendant under § 617.3.

In *Williams v. Vick Chemical Co.*, 279 F.Supp. 833 (S.D.Iowa 1967), a plaintiff sought to utilize § 617.3 in obtaining jurisdiction over two foreign corporations in a United States District Court in Iowa. The federal court held that when a plaintiff seeks to bring a defendant into court under that statute, the complaint must allege sufficient facts to support a reasonable inference that the defendant has had the required minimum contacts with the forum state. 279 F.Supp. at 837[10].

As recounted in the third paragraph of this opinion, plaintiff's petition in the instant case alleges defendant orally agreed to purchase four elevators from plaintiff, that plaintiff orally agreed to manufacture and deliver the elevators to defendant, that plaintiff manufactured the elevators in Iowa, and that the elevators were delivered to defendant's job site in Missouri at defendant's direction.

In determining whether an Iowa court can exercise jurisdiction over a foreign corporation in a suit arising from the purchase of a product by such corporation from a seller in Iowa, the Supreme Court of Iowa has recognized "active-purchaser" and "passive-purchaser" classifications. *Al-Jon, Inc. v. Garden Street Iron & Metal, Inc.*, 301 N.W.2d 709, 714 (Iowa 1981). The opinion explains:

"What is fair to one nonresident purchaser may not be fair to another. A distinction exists between a nonresident purchaser who aggressively seeks a purchase from the resident seller and one

---

**3.** Whether we have jurisdiction to decide the constitutionality of a statute of a sister state is a question we need not consider. Were the constitutionality of a Missouri statute in issue we would lack appellate jurisdiction, as the Su-

preme Court of Missouri has exclusive appellate jurisdiction in all cases involving the validity of a Missouri statute. Mo. Const. Art. V, § 3 (1945, amended 1982); *McDonald v. McDonald*, 766 S.W.2d 715, 717[1] (Mo.App.1989).

who merely responds to solicitation by the resident seller....

A passive purchaser is less likely to be found to have availed itself purposely of the privilege of doing business in the forum state."

In support of the final sentence quoted above, the opinion in *Al–Jon* cites a decision of this Court, *M & D Enterprises, Inc. v. Fournie*, 600 S.W.2d 64 (Mo.App.1980). *Al–Jon*, 301 N.W.2d at 714.

In *Al–Jon* an Iowa corporation sued an Ohio corporation in an Iowa court alleging a dispute existed about the amount due the Iowa corporation for a machine manufactured by the Iowa corporation in Iowa and delivered to the Ohio corporation in Ohio. The sale had been solicited in Ohio by a representative of the Iowa corporation who resided in Michigan. The Iowa trial court held the Ohio corporation did not have the necessary minimum contact with Iowa to subject it to Iowa jurisdiction.[4]

On appeal by the Iowa corporation the Supreme Court of Iowa emphasized the purchaser did not make telephone calls to Iowa to negotiate the contract, nor did the contract involve shipping a product into Iowa for a service to be performed there or for the product to be held there for the nonresident. 301 N.W.2d at 714. The opinion further noted the purchaser simply bought a standard product manufactured in Iowa, and the manufacturing was a unilateral act by the seller. *Id.* at 714–15. The opinion concluded:

"Considering all the relevant factors, we believe maintenance of this suit in Iowa would offend traditional notions of fair play and substantial justice. The trial court did not err in sustaining defendant's special appearance." *Id.* at 715[11].

*Al–Jon* was cited in *Robert Half of Iowa, Inc. v. Citizens Bank of Newburg*, 453 N.W.2d 236 (Iowa App.1990), which declares that in general an Iowa seller of goods to a foreign buyer cannot ordinarily subject the buyer to suit in Iowa courts. *Id.* at 239[11].

In the instant case there are no allegations in plaintiff's petition demonstrating defendant was anything other than a passive purchaser as recognized in Iowa jurisprudence. The alleged contract was an oral one, and there is no averment it was negotiated in Iowa. In these circumstances we believe the Supreme Court of Iowa would hold § 617.3 does not vest an Iowa court with jurisdiction over defendant.

In reaching this conclusion we have not overlooked *Miller v. Vitalife Corporation of America*, 173 N.W.2d 91 (Iowa 1969), cited by plaintiff. There the owner of a business in Iowa sold all the assets to a Florida buyer. Prior to the sale the buyer visited the business location in Iowa and made a down payment there. The contract of sale included a covenant that the seller would not compete for five years in any state in the United States. After the contract was signed the seller performed substantial work to keep the business operating and prepare the assets for shipment to Florida. The seller chose to receive payment on the buyer's notes in Iowa. When the buyer defaulted the seller sued the buyer in Iowa. The Supreme Court of Iowa held jurisdiction lay in Iowa under § 617.3, pointing out Iowa had a legitimate state interest in the transaction, as it was a bulk sale of an Iowa based business. 173 N.W.2d at 94. This interest included protection of its creditor citizens and other creditors including Iowa's tax department. *Id.* Additionally, said the opinion, the buyer's visit to Iowa to inspect the business operation, the delivery of the down payment in Iowa, the subsequent performance

---

**4.** In *Al–Jon* the Iowa corporation sought to subject the Ohio corporation to Iowa jurisdiction under Rule 56.2, Iowa Rules of Civil Procedure. We learn from *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 824 (N.D.Ill.1990), that Rule 56.2 supplies an alternate basis for assertion of jurisdiction by an Iowa court over a foreign corporation. Rule 56.2 extends the jurisdictional reach of Iowa courts to the widest due process parameters of the federal constitution. *Lansky by Brill v. Lansky*, 449 N.W.2d 367, 368–69[4] (Iowa 1989). In effect, Rule 56.2 is a second long-arm statute which can provide a basis for personal jurisdiction where the narrower terms of § 617.3 do not. *Kinney*, 736 F.Supp. at 824.

of substantial operations by the seller in Iowa, the covenant not to compete in any state which would include Iowa, and the election by the seller to take payment on the notes in Iowa provided the necessary minimum contact with Iowa. *Id.* at 94–95.

The instant case, as pointed out by defendant during oral argument in this Court, lacks the factors relied on by the Supreme Court of Iowa in *Miller*. We hold *Miller* does not support a finding that the Iowa court had jurisdiction over defendant under § 617.3 in the instant case.

The order of the Circuit Court of Greene County denying defendant's motion to set aside the "registration" of the judgment of the Iowa court is reversed. The case is remanded to the Circuit Court of Greene County with directions to enter an order declaring the Iowa judgment is not entitled to full faith and credit in Missouri and is not to have the effect of a judgment of the Circuit Court of Greene County.

MAUS, P.J., and PREWITT, J., concur.